HENRY NASH V. THE STATE.

No. 9567.   Delivered Dec. 2, 1925.

Rehearing overruled April 24, 1926.

**1.—Assault to Rape—Evidence—Leading Questions—Harmless Error.**

Where, on a trial for an assault to rape, appellant complains of the state being permitted to ask leading questions of the prosecutrix, no harmful effect of this procedure being disclosed, no reversible error is presented.

**2.—Same—Evidence—Impeaching Prosecutrix—On Immaterial Issue—Not Permissible.**

Where, on a trial for an assault to rape, appellant having laid the predicate, sought to show by certain witnesses that on a former occasion they had kissed the prosecutrix, the court properly excluded the testimony. Following Wood v. State on rehearing, 80 Tex. Crim. Rep. 408.

**3.—Same—Evidence—Held Sufficient—Rule Stated.**

Where, on a trial for an assault with the intent to rape, the facts show that it was owing to no lack of effort on the part of the accused that he did not accomplish his purpose to rape the woman, and that it was only on account of her effective resistance that she escaped, a conviction will not be disturbed on such facts on appeal. Fully measuring up to this rule, the facts in the instant case are held sufficient to support the judgment. See Branch's Ann. P. C., Sec. 1699.

ON REHEARING.

**4.—Same—Continued.**

On rehearing appellant insists that the evidence does not support the conviction. A careful re-examination of the records confirms us in our original opinion in this regard and the motion for rehearing is overruled.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction of an assault with intent to rape, penalty seven years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the Criminal District Court of Harris County of the offense of assault with intent to rape, and his punishment assessed at seven years in the penitentiary.

Appellant complains of the action of the court in bill of exception No. 1 in permitting the state to ask leading questions to the prosecuting witness. We are of the opinion that this bill shows no harmful error.

In bills of exceptions 6, 7, 8 and 9 complaint is made to the action of the court in refusing to permit the appellant to show by certain witnesses that on a former occasion that they had kissed the prosecutrix and in refusing to permit the appellant to impeach her pertaining to said matters. This court has held against appellant's contention in the case of Wood v. State, on rehearing, 80 Tex. Cr. Rep. 408.

Appellant strenuously urges that the evidence is insufficient to support the conviction and show he intended to accomplish the act of intercourse with prosecutrix regardless of her consent or resistance. We are unable to agree with this contention. The jury took the testimony of the prosecutrix and the other state's witnesses in preference to the testimony of the appellant, which, if believed, showed clearly an assault with intent to rape. The prosecutrix testified that appellant, over her protest, had driven her out of the city of Houston, off the main highway some distance, turned out the lights on his automobile, and on her refusal to acquiesce in his desires, he choked her and told her that he was going to satisfy his desires regardless of her screams, that he threatened to knock her head off if she did hollo when he observed other parties approaching, who had been attracted to the scene by her screams. She testified that she had been resisting him in a fierce struggle for nearly an hour and screaming every chance she had, and was practically exhausted when the other state's witnesses came and got her and carried her back to Houston. Her testimony was

supported by the state's witnesses who hurried to the scene and testified to seeing appellant having one hand around her neck and the other hand on her throat, and to seeing the bruises on the prosecutrix's throat, her torn clothing, her stockings down, and hearing appellant tell her: "If you hollo when that car passes I will break your damned neck"; that when prosecutrix got loose from him she was highly excited, showed to be exhausted, and could hardly walk around; that when appellant objected to the witnesses taking prosecutrix away, she implored them, "For God's sake, take me home." The evidence shows that after a long struggle, appellant was still vigorously pursuing his efforts until state's witnesses Hall and Clark appeared on the scene. Under the testimony as related by the witnesses in this case, we are not authorized to say that the jury was unwarranted in finding the defendant guilty as charged. In Branch's Ann. Penal Code, Sec. 1699, p. 965, it is stated:

"If the facts show that it was owing to no lack of effort on the part of the accused that he did not accomplish his purpose to rape the woman, and that it was only on account of her effective resistance and speed that she escaped, a conviction approved by the trial judge, whose duty it is to set it aside if not satisfied therewith, will not be disturbed on the facts on appeal." Citing many authorities.

Finding no error in the record we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have reviewed all the bills of exception and all the testimony in view of appellant's contention in his motion but are constrained to believe that proper disposition was made of this case in our original opinion. The learned trial judge was entirely justified under the authorities in rejecting the testimony sought to be introduced by appellant, complaint of which appears in the bills of exception referred to and discussed on original presentation. We regard the testimony in the record as amply sufficient to have justified the infliction of a graver penalty than this jury saw fit to fix. The

state's testimony strongly makes out a case of a man who took a young girl out at night, assaulted her, bruised her body, choked her, tore her clothing off, cursed and threatened her, and when other parties, attracted by her screams, approached the place, according to their testimony, he had his hands upon her throat trying to stifle her outcries and was heard by them to tell her that if she holloed he would break her damned neck. These parties who rescued her from him testified to her exhausted condition, the bruises and stripes on her body and throat, her torn clothing, the disheveled condition of most of her garments, and that they heard her screams and his threats. The evidence does not even suggest a less intention on his part than to force her to have criminal connection with him.

The motion for rehearing will be overruled.

*Overruled.*