R. A. (BUCK) KIDWELL V. THE STATE.

No. 16505.   Delivered March 28, 1934.
Rehearing Denied May 9, 1934.

The opinion states the case.

*J. L. Bird,* of Walnut Springs and *W. E. Myres,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of an assault with intent to commit rape, and his punishment assessed at confinement in the State penitentiary for a term of five years.

The testimony adduced upon the trial shows that on the 21st day of April, 1933, the assaulted party, in company with her sister and her brother-in-law, went to a dance at Glen Rose.   The appellant was also at said dance and danced with the assaulted party, and while dancing with her he asked her if she would not like to have a drink, to which she replied in the affirmative. They

then left the dance hall, went to appellant's car, drove down the highway a short distance, then turned off onto a gravel road, driving down that road for about five or six minutes, when they stopped and began to drink some whiskey. After having taken a few drinks, the appellant tried to kiss her. She told him to let her alone, and he then began choking her; he grabbed her around the neck with both hands and choked her and she began kicking and fighting him and trying to get out of the car; that she managed to get the door of the car open and in the struggle she fell out of the car and appellant fell on top of her and continued to choke her. During said time the appellant told her he was going to have carnal intercourse with her or choke her to death. The assaulted party was fighting and resisting the appellant all the time to the full limit of her ability; that when he released his hold from her throat she cried, begged, and pleaded with the appellant to desist, and told him her father would kill him for what he was doing, and during the struggle she took hold of his shirt and jerked the buttons off. He told her he would choke her until she was black in the face. He finally turned her loose and she ran down the road calling for help. He pursued her, overtook her, knocked her down, and then told her to get up. She told him she could not, that she wanted to go home, whereupon he said, "Get in the car and I will take you home." She then got back into the car and he drove down the road about a mile, when she noticed a light, and when near the light she jumped from the car and ran toward the house, calling for help. The men in the house heard her cries and responded to her call. They invited her into the house, but she declined, saying that her clothes were all torn off her body. One of the men then returned to the house and brought her a coat, which she put on, and then they took her back to the dance hall. Several parties testified to the condition of her person and her clothes. There were bruised and skinned places on her neck, bad bruses on her hips and her elbow, her eyes were red, and her clothes were badly torn. The appellant testified in his own behalf that he was 25 years of age and a married man. He admitted driving down the road with the injured party some distance from the dance hall and drinking liquor. He also admitted that she leaped from the car while on the way back to the dance hall, but denied assaulting her or trying to have intercourse with her. He said such a thing never entered his mind. After the appellant returned to the dance hall, Mrs. Burch, the sister of the assaulted party, asked him where Lenora was, to which he replied that he didn't know, but he finally told

her that Lenora had met a "guy" on the outside and that she went with him to get a drink.

The appellant urgently insists that the evidence is insufficient to warrant a conviction of the offense of assault with intent to rape. We cannot agree with this contention. We are not unmindful of the rule announced by this court that in order to convict the defendant on a charge of assault to commit rape, the evidence should not only show an assault, but that the defendant entertained the specific intent to have carnal intercourse with the female at all events, notwithstanding any resistance on her part. The testimony shows that the appellant assaulted the prosecutrix and that his purpose was to have carnal intercourse with her at all hazards. The fact that subsequent to the assault he abandoned his designs would not extenuate or reduce the offense. In the case of Ross v. State, 60 Texas Crim. Rep., 547, 132 S. W., 799, this court, speaking through Judge McCord, said: "What circumstances may have operated on his mind * * * to desist from this assault and this intent on their part, we know not. Further, it may have been the determined opposition and fighting on the part of the prosecutrix * * * or the prolonged contest and resistance on the part of prosecutrix, which operated upon these parties to abandon the intent. If at the time they struck prosecutrix or seized hold of her they intended to have intercourse with her by force against her consent and made the assault upon her with that purpose, the instant that ths assault was made with that intent, the crime of assault to rape became complete, and the same could not be defeated by proof that circumstances arose thereafter that made them abandon the intent." In the case under consideration, the testimony of the assaulted party shows a rather determined effort on the part of appellant to have intercourse with the assaulted party at all events. She fought and vigorously resisted his attempt to have intercourse with her and whether he finally desisted because he became convinced that he could not overcome her resistance or what other facts may have operated on his mind is not disclosed by the record. We are forced to the conclusion from the facts and circumstances, as disclosed by this record, that the jury were fully justified in finding the appellant guilty of the offense charged in the indictment, and we overrule the appellant's contention. See Nash v. State, 281 S. W., 1052.

The court's main charge, together with the appellant's requested special charges whch were submitted by the court to the jury, adequately and pertinently applied the law to the facts of the case.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The only question raised in the motion for rehearing is the sufficiency of the testimony. This case affords a sad commentary on what happens when a young man and woman go out at night in a car alone and drink whisky. The girl in this case admitted that she agreed with appellant while dancing with him at a party that they should leave said party and go get a drink. She affirmed that after taking several drinks of whisky appellant made a most vigorous and vicious attempt to have carnal knowledge of her, which she resisted as vigorously and with apparent success, though she appeared to the people who first saw her afterwards to be much bruised and her clothes badly torn. The testimony of the young woman was corroborated. The jury accepted her story. We approve their verdict.

The motion for rehearing is overruled.

*Overruled.*