PEOPLE v. GERMAN.

1. INFORMATION FOR PERJURY—INNUENDO—QUESTION FOR JURY.

An information for perjury, alleging that it became material, on a trial for larceny, to know whether or not certain moneys were paid to the accused therein by the respondent on September 11, 1894, and that the respondent testified upon such trial that he "paid it on the 11th of September," at the accused's place, and obtained a receipt, may properly set forth, by innuendo, that by such testimony the respondent meant that he paid a specified amount of money on September 11, 1894, it being for the jury to say whether such was in fact the meaning intended to be conveyed.

2. SAME.

The information in such case need not allege that the person accused of larceny owned or had a place, to support proof that the statement that the money was paid by respondent at the former's "place" was false.

3. CRIMINAL LAW—PERJURY—ISSUE—INSTRUCTIONS.

Where, in a prosecution for perjury alleged to have been committed on the trial of a criminal cause, the fact that the testimony was given as charged, and that it was false, is undisputed, an instruction to the jury that the only question for their determination is whether the respondent testified honestly, in the belief of the truth of his statement, as by him contended, and that, if the jury have a reasonable doubt that he willfully testified to a falsehood, they should acquit, is sufficiently favorable to the respondent.

4. TRIAL—REMARKS OF COUNSEL.

The trial court has ample power and a large discretion in relation to remarks of counsel.

Exceptions before judgment from Mecosta; Palmer, J. Submitted June 18, 1896.   Decided July 21, 1896.

Louis German was convicted of perjury.   Affirmed.

*Frank Dumon*, for appellant.

*A. B. Cogger*, Prosecuting Attorney, for the people.

HOOKER, J.   The defendant was convicted of perjury, in support of an alibi, in a case where Randall, Trumpower, and Reese were on trial for larceny.   The information included the following averments, viz.:

"Whereupon it then and there became and was a material inquiry upon the trial of said issue so joined between the people of the State of Michigan and the said Fred Randall, Fred Trumpower, and Charles Reese, as aforesaid, whether he, the said Fred Randall, was on his, said Fred Randall's, place, in the township of Millbrook, in the county of Mecosta, and State of Michigan, on the 11th day of September, A. D. 1894, and whether he, the said Louis German, saw him, the said Fred Randall, on his said place, in the township of Millbrook, on said 11th day of September, A. D. 1894, and whether he, the said Louis German, paid him, the said Fred Randall, twelve dollars in money, on said 11th day of September, A. D. 1894, on his, said Fred Randall's, place, in the township of Millbrook.   And he, the said Louis German, being so sworn, as aforesaid, wickedly contriving and intending to cause the said Fred Randall, Fred Trumpower, and Charles Reese unjustly to be acquitted of said felony charged against them, the said Fred Randall, Fred Trumpower, and Charles Reese, in said information, as aforesaid, did then and there knowingly, falsely, corruptly, willfully, feloniously, and wickedly, before the said jury so sworn, as aforesaid, and the said circuit judge, as aforesaid, say, depose, swear, and give in evidence, upon his direct examination, amongst other things, in substance and to the effect following; that is to say: 'Yes, sir.   I paid it on the 11th of September.   I got a receipt for it. Tuesday, I believe.   Yes, sir.   I think I have it, anyway. Back on his place.   There was Mr. Randall and Mr. Clark and the boy that stays there at Randall's; I don't

know his name. Then there was another gentleman there. I did not know who he was.' Meaning that he, the said Louis German, paid him, the said Fred Randall, twelve dollars in money, on the 11th day of September, A. D. 1894, and took a receipt for it; on the place of him, the said Fred Randall, in the township of Millbrook, in the county of Mecosta. And he, the said Louis German, did further depose, say, swear, and give in evidence, upon his cross-examination upon said trial, amongst other things, in substance and to the effect following; that is to say: 'A half an hour, along in the afternoon. I should think it might be two, or three, or four o'clock. I could not say exactly. I should think between three and four o'clock; along there.' Meaning that it was between three and four o'clock in the afternoon of the 11th day of September, A. D. 1894, when he, the said Louis German, paid him, the said Fred Randall, said twelve dollars in money, on his, said Randall's, place, in the township of Millbrook."

The testimony given by the stenographer who took defendant's testimony upon the larceny trial was in substantial harmony with the allegation of such testimony. The direct examination did not show that defendant gave the year, or stated that he paid $12 in money, but the cross-examination showed that he went there that day to pay him "that money," and other testimony tended to prove that the transaction was in 1894. This warranted the submission to the jury of what the defendant meant to be understood by his statements in regard to these matters. The prosecution could not safely allege that he said that he paid money, or that it occurred September 11, 1894, because he omitted both the year and the word "money." But the information alleged that upon the larceny trial it became material to know whether the occurrence was upon September 11, 1894, or not. The statements that it occurred on September 11th, and that payment was made, were susceptible of two meanings; hence it was proper to state the meanings in the innuendo, and leave to the jury what the defendant intended by his language. 2 Bish. Cr. Proc. §§ 785, 793, 794,

917. In *Rex* v. *Aylett*, 1 Term R. 69, Lord Mansfield says: "If there be any doubt on the words of the oath, which can be made more clear and precise by a reference to former matter, that may be supplied by an innuendo." *Rex* v. *Taylor*, 1 Camp. 404, is a case upon all fours as to the question of time. See, also, *Reg.* v. *Virrier*, 12 Adol. & E. 317.

The contention that the information should have contained an averment that Randall owned or had a place, to support proof that defendant falsely stated that he made payment there, is not sound. The prosecution were not necessarily claiming that Randall had a place. Defendant's statement could be false in either event. If defendant's position were sound, it might require the statement of a falsehood in the information to support the charge.

The court informed the jury that there was but one question of fact in the case, and that was whether the defendant testified honestly, in the belief of the truth of his statement; that, if the jury had a reasonable doubt that he testified willfully to a falsehood, they should acquit. Under the facts conclusively proved, and stated by the judge to have been admitted, this was sufficient instruction, and the requests of the defendant's counsel would have added nothing to the question submitted.

The remaining questions mostly relate to the language of counsel for the people in his closing argument. Counsel for the defendant requested the stenographer to take this argument, and that he might assign error upon it without objection or interruption, which was agreed to. We think there was nothing in the argument that calls for a reversal of the case. We have frequently held that the trial court has ample power and a large discretion in relation to the remarks of counsel.

We find no error in the record, and the court is directed to proceed to judgment.

The other Justices concurred.