## N. W. PORTER v. THE STATE.

### No. 2944. Decided May 24, 1905.

**1.—False Swearing—Marriage License—Charge Requested.**

In a prosecution for false swearing, in obtaining a marriage license, where the affidavit made by the defendant contained the statement, among others, that he saw the father of his fiancée sign the order to the clerk for said license; while the testimony of defendant and his witness was that the affidavit was not read to defendant and that the clerk did not ask him whether he saw said father sign the order, but simply whether the defendant saw it signed which he answered affirmatively, because he saw his fiancée sign it, and that he did not know that the affidavit contained the above statement as to the father's signature, the court should have given the requested charge which pointed out this matter to the court and jury, and the court's charge which referred to a want of knowledge on defendant's part of the allegations in the affidavit in a general way was insufficient.

**2.—Same—Right to Have Issue Pertinently Presented—Charge in Felony.**

A party on trial for felony has the right to have the law applied fairly, correctly and pertinently to the issues made by the testimony, and because a special charge corresponds in part with the charge given by the court, would not deprive defendant of the right to have that portion of the charge which brought pertinently before the jury the issue involved.

Appeal from the District Court of Erath. Tried below before Hon. W. J. Oxford.

Appeal from a conviction of false swearing; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Nugent & Carter,* for appellant.—On question of mistake of fact, etc. O'Connell v. State, 18 Texas, 343; White's Penal Code, art. 715, sec. 801; Black v. State, 38 Texas Crim. Rep., 58; Odle v. State, 13 Texas Crim. App., 612.

*Howard Martin,* Assistant Attorney-General, and *Fred H. Chandler,* for the State.

DAVIDSON, PRESIDING JUDGE.—This is a charge of false swearing for obtaining marriage license. The document described in the indictment, upon which the marriage license issued, and to which appellant is said to have sworn, is in the following language:

"The State of Texas
County of Erath.

I, N. W. Porter, do solemnly swear that I am twenty-one years old, and that Miss Nora Richardson is not eighteen years of age, and that there are no legal objections to our marriage, and that the order hereto attached, signed A. J. Richardson, is genuine & written & signed by him in my presence & that he is the father of Miss Nora Richardson.

(Signed) N. W. Porter.

Subscribed and sworn to before me this 22nd day of Aug., 1904.

Jno. W. Frey, Clerk County Court Erath County.

By Geo. P. Knight, Deputy."

That the order referred to in said affidavit is genuine was attached to said affidavit, and is as follows: "Mr. Clerk. Please issue license for our daughter aged sixteen. A. J. Richardson."

The first bill of exceptions was reserved to the failure of the court to give the following instruction: "You are instructed, gentlemen of the jury, that the defendant pleads an affirmative defense, that is, a mistake of fact; that at the time he made the affidavit in question, if any, he did not know it contained the matters and things in reference to the order, if any, and did not know said affidavit, if any, contained any statements in reference to objections to the contemplated marriage, if any. Therefore, if you find and believe from the evidence, if any, that defendant did make said alleged false statement, and the same was false, but if you further find that defendant did not know the contents of said statement, if any, or if you have a reasonable doubt as to whether or not defendant knew the contents of the same, you will acquit the defendant." We believe this charge should have been given. The facts in this connection show by the witness Will Porter, that he was present when defendant secured the marriage license about which the affidavit was made; that Mr. Knight had, in substance, the following conversation with defendant: "Knight asked defendant what he wanted. Defendant replied he wanted a marriage license. Knight then asked him, 'Who for?' He said, 'Myself and Nora Richardson.' He then asked him how old he and the girl were. Defendant told him he was 21 and that she was not 18. Defendant then handed the clerk the order. The clerk then asked if he would swear that he was 21 and the girl was under 18, and defendant replied that he would. The clerk then asked, if he saw the order signed, and he said he did. The clerk did not have defendant hold up his hands and swear him at all; that the clerk did not ask defendant if old man Richardson signed it, or that he saw Mr. Richardson sign it." Defendant testified to the same state of facts. Both defendant and witness Will Porter further testified that the affidavit was not read over to defendant at the time he signed it. This charge is largely hinged upon the language used by the parties during the conversation just preceding the issuance of the license and the alleged execution or signing of the affidavit. If the

conversation occurred as detailed by defendant and his witness Porter, and such was his understanding at the time, it suggested a mistake of fact so far as the defendant was concerned. The affidavit has him in the attitude of swearing that he saw A. J. Richardson sign the order, when under these facts the clerk asked no such question, and it was not a matter of investigation at the time of the issuance of the license under appellant's theory. Everything detailed by the two witnesses could have been literally true in regard to his seeing the order signed and he could have sworn to it without being guilty of false swearing. This was a very important issue under his theory. He in fact did see Miss Nora Richardson sign the order, and if that was the extent of the information which he conveyed to the clerk in answer to inquiries, and the clerk inserted the contents of the affidavit, and appellant was not aware of it, and signed it without its being read over to him, he was entitled to this charge, and under that phase of the case would have been entitled to an acquittal.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

June 21, 1905.

DAVIDSON, PRESIDING JUDGE.—The State has filed a motion for rehearing, upon the ground that this court erred in holding that the trial court erred in failing to give special instruction number 1, asked by appellant. Only the critical portion of the requested instruction is copied in the motion for new trial: "If you further find that the defendant did not know the contents of said statement, if any, or if you have a reasonable doubt as to whether defendant knew the contents of the same, you should acquit the defendant." The State contends that that portion of the requested instruction is practically the same as that given by the court, which was in the following language: "If the defendant did not know that the alleged false statements in said affidavit were contained in the same, or if you have a reasonable doubt as to whether he did, you will acquit him." The contention is that the two charges are practically similar. This did not state the question contended for by appellant. The requested instruction is given in full in the original opinion, and we deem it unnecessary here to repeat it. An inspection of the charge compared with that given by the court, in our judgment manifests the fact that the two charges are not the same. The court's charge was very general in regard to a mistake of fact, inadvertence, etc., if that is the ground upon which it is sought to place it. As before stated, the court's charge is very general indeed on the question of mistake and *want of knowledge as to the contents of the affidavit* alleged to be false. The requested instruction, in our judgment, pertinently called the matter to the attention of the court, and even if that charge was not sufficient, it did call the attention of the court to the weakness of the general charge,

and exception was reserved both to the general charge and the refusal to give the special instruction. The original opinion collates the facts in regard to this matter. Defendant testified, as did Will Porter, that the affidavit was not read over to defendant at the time he signed it. The issue was sharply drawn at this point between the State's testimony and that for the defendant, there being the clerk as a witness for the State, and the defendant Will Porter for the defense on this crucial issue in the case. The affidavit, as before stated, had appellant in the attitude of swearing that A. J. Richardson signed this order, when under the testimony of defendant and Will Porter, the clerk asked no such question, and that it was not a matter of investigation at the time the license was obtained. We repeat that everything said by witness could have been true in regard to appellant seeing the order signed, and he could have sworn to that without being guilty of false swearing, for he did see Miss Richardson sign it. The order as set out in the affidavit, and made a part of the original opinion, has appellant in the attitude of swearing that he saw A. J. Richardson sign it. If appellant swore that he saw the order signed, and did not say that he saw A. J. Richardson sign it, and was not aware of the fact that the affidavit contained the statement that he saw A. J. Richardson sign it, unquestionably the jury should have had this matter pointed out to them clearly in the charge, because under that condition of things he would not be guilty of having sworn that he saw A. J. Richardson sign it; and that seems to be the crucial test of the case, and was evidently so regarded in the trial. The general charge of mistake of fact under this character of testimony is not sufficient, especially when exception was reserved to the charge given and the refusal to give special instructions. Certainly a party on trial for felony has the right to have the law applied fairly, correctly and pertinently to the issues made by the testimony. Because a portion of the special charge corresponded in part with the charge given by the court, would not deprive defendant of the right to have that portion of the charge which brought pertinently to the jury the issue involved. Whether or not this special charge was sufficiently accurate, it does point out the matter to the attention of the court, and the law should have been applied to that condition of fact. We seen no reason for changing our views upon the question, and the motion for rehearing is accordingly overruled.

*Overruled.*