# Morgan v. Commonwealth.

(Decided January 22, 1932.)

TERRY L. HATCHETT, B. G. ELLIS, and PAUL GREER for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

At his trial on an indictment charging him with perjury, appellant, Robert Morgan, was convicted in the Barren circuit court and punished by confinement in the penitentiary for one year. From the order of the court overruling his motion for a new trial, and from the judgment pronounced thereon, he prosecutes this appeal, relying through counsel upon four grounds for a reversal of the judgment, which are: (1) Error of the court in not instructing the jury on the whole law of the case; (2) error in permitting a juror, who had been accepted by both the commonwealth and defendant, to retire from the panel after the jury was sworn and his place substituted by another; (3) that the verdict is flagrantly against the evidence, and (4) improper remarks of prosecuting attorney in his argument to the jury.

Discussing them in the order named, we have concluded that ground 1 is well taken for reasons that we will now proceed to state. The alleged false testimony was given by appellant and defendant below while testifying before the grand jury of Barren county in its investigation of violations of our state prohibition statute, commonly known as the "Rash-Gullian" Act (Acts 1922, c. 33). He testified before that tribunal, among other things, that he had not been drunk in Barren county within the previous twelve months, nor had he within that time been convicted for being drunk in violation of the statute. He admitted at his trial that he so testified before the grand jury and that his testimony that he had not been fined in the police court of Glasgow for being drunk within twelve months before testifying was false, but that he did not act feloniously, willfully, or knowingly in so testifying. He also at his trial admitted

his apparent intoxicated condition on the occasion testified to by the prosecuting witnesses, which occurred within twelve months prior to his testimony before the grand jury, but he contended that such condition was not the result of intoxication from drinking alcohol or other intoxicating liquors, but that it was due to a spasm of asthma to which attacks he was subject, plus the effects of an overdose of aspirin tablets that he took to relieve the asthma attack, and that the affliction, with the remedy he had taken therefor, produced his apparent intoxicated condition.

In explaining why his statement before the grand jury that he had not been fined in the police court of Glasgow on a charge of being drunk was made by him as charged in the indictment, though false, he testified at his trial that some months before his citation before the same court on a warrant for drunkenness, but of which named offense he was ignorant, there was a charge preferred against him in that court growing out of a personal encounter he had with another in his restaurant; that after the occasion of his apparent intoxication, and for which a warrant had been issued from that court accusing him of unlawful drunkenness, he was informed by the chief of police of Glasgow that the judge of the police court was going to dispose of the prosecution pending against him, and that he thereupon appeared in that court, and pleaded guilty, followed by the assessment of a fine of $10 and costs against him, but that when he did so he did not see the warrant, nor was he informed of the charge against him, and that he in good faith believed that it was the one preferred against him for some offense growing out of the fight he had in his restaurant, and that he never at any time knew that his plea of guilty was made to any charge against him for drunkenness. Consequently when he testified before the grand jury that he had not been fined for, nor had he pleaded guilty to a charge of unlawful drunkenness in the Glasgow police court, but that his fine was for "fighting," he believed, and possessed no knowledge to the contrary, that the only fine assessed against him in that court was one for fighting, and that when he gave such testimony, but which upon investigation was shown to be false, he did so in good faith and under the bona fide belief that it was true. The complaint under this ground is that the court should have given a concrete instruc-

tion submitting to the jury the two excuses interposed by defendant at his trial for testifying as he did before the grand jury and for the falsity of which he was indicted and convicted, and it is our opinion that the contention is meritorious.

Ordinarily, and in the general run of cases, the rights of a defendant in a criminal prosecution are completely protected by the giving of general instructions under a plea of not guilty, and that is universally so where defendant denies the facts constituting the offense with which he is charged. But where he admits such facts, and then interposes a legal excuse therefor having legal effect to exonerate him from criminal intent, his excuse should be submitted to the jury in concrete form. An illustrative case substantiating the first part of the statement just made, i. e., that where the defendant denied the commission of the acts with which he is charged no concrete instruction should be given, is that of Edmonds v. Commonwealth, 204 Ky. 495, 264 S. W. 1100. In that case defendant denied the commission of the crime with which he was charged and attempted to establish an alibi. It was insisted that the court should have given a concrete instruction to the effect that, if the jury believed the alibi, it should then acquit defendant. But that insistence was overruled, as it was also done in the prior case of Wallace v. Commonwealth, 187 Ky. 775, 220 S. W. 1051, and others referred to in the Edmonds Case.

The latest case sustaining the second proposition supra, i. e., that, where defendant admits his otherwise criminal acts, but seeks to excuse them because of facts sufficient to create a valid excuse, he would then be entitled to a concrete instruction submitting the truth or falsity of such excusing facts, is Gibson v. Commonwealth, 204 Ky. 748, 265 S. W. 339, 344. In pointing out the distinction as a basis for such rules of practice and after citing cases from this court denying the right of defendant to a concrete instruction under facts coming within the first proposition supra, and cases upholding such right coming within the second one, we said in the Gibson opinion:

"However, there are cases where the accused admits one or more of the essential elements of the offense charged, but attempts to avoid conviction by proving facts or circumstances to excuse what he

did, and under such circumstances his theory of the case should be set out in a special instruction. Thus, if A. be charged by indictment with the murder of B. by shooting him, if A. by his evidence, admits the shooting of B. but claims that he shot in necessary self-defense, or that he shot him accidentally, or that he shot him, but that B. did not die of the wound inflicted, or that he shot him, but at the time he did so he was insane, then in each of those instances, A. would be entitled to an instruction setting out specifically his theory of the case. . . . It will be observed in all these cases that the accused failed to admit any of the essential elements of the offense charged.''

The facts of this case bring it squarely within the second proposition supra. Defendant admitted the actual occurrence of the facts as proven on his trial, but attempted to excuse his testimony before the grand jury in denying such facts, in the manner hereinbefore stated, and which, if believed by the trial jury, had the effect to excuse the criminal effect of his testimony before the grand jury upon the ground that it was not willfully, knowingly, and feloniously given, or that his condition that produced the impression on the minds of the prosecuting witnesses that he was intoxicated (and which condition he admitted) was erroneous, because the facts were produced by his affliction as augmented by the drug that he had taken to relieve him from it. We therefore conclude that it was the duty of the court, under the requirement that the whole law of the case should be submitted to the jury, to have stated to it, in appropriately drafted instructions, that, if defendant in good faith believed the excuses interposed by him, then he should be acquitted, or, if it believed one of them, then the jury should not convict him on that particular charge.

A sufficient answer to ground 2 is that no exception was taken to the action of the court in its ruling complained of therein. If defendant had objected and excepted to the order of the court excusing the juror after the jury had been selected and sworn, and had entered a plea of former jeopardy following such ruling over his objections and exceptions, he would have occupied a much more commanding position; but no such action was taken by him, or on his behalf, and we doubt if it would

be available in the absence of an objection and an exception to the complained of action of the court.

Ground 3 is wholly without merit. It was conclusively proven that defendant within twelve months prior to giving his testimony before the grand jury was in an apparently intoxicated condition and to such an extent as to convince a reasonably prudent observer that he was intoxicated, and which condition defendant did not deny at his trial, but attempted to excuse and explained it in the manner hereinbefore stated. Also it was uncontradictedly proven on the trial that defendant was convicted for unlawful drunkenness in the Glasgow police court within twelve months prior to his appearance before the grand jury, and which he admitted on his trial, but likewise attempted to excuse his testimony before the grand jury in the manner we have stated. So that, unless the jury believed the excuses interposed before the petit jury at his trial, his guilt of the charge or charges in the indictment was practically admitted. Therefore, we repeat, this ground is entirely without merit.

Two all-sufficient answers may be made to the argument in support of ground 4. They are: (a) That the alleged language employed by the commonwealth's attorney in his closing argument to the jury is not incorporated in the bill of exceptions, nor otherwise manifested to this court under any approved rule of practice. Its first appearance in the record is in the motion for a new trial, and its second appearance is in brief of counsel, neither of which is sufficient to present the question to us for determination. However, if the complained of remarks were properly before us, then (b) we would not be authorized to disturb the judgment therefor, since the complained of language of prosecuting attorney was legitimate and by no means improper. It is: "If you find this man not guilty, you will have to disbelieve the two arresting officers, Lacy Doyle and Pate Walkup, the Police Judge, Mr. Boles, and the court records, four good witnesses." If commonwealth's attorneys could not employ such expressions, which are entirely supported by the record, then their right to argue the facts to the jury and to make legitimate comment thereon would be destroyed. It therefore results that this ground is unavailable.

But, for the error pointed out in disposing of ground 1, the judgment is reversed, with directions to set it aside and to grant a new trial, and for proceedings consistent with this opinion.

Judge RICHARDSON, not sitting.