### WOODIE LOWRY v. THE STATE.

No. 20850. Delivered February 14, 1940.
Rehearing Denied March 20, 1940.

The opinion states the case.

*Earl Shelton,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a sentence of fifteen years in the state penitentiary imposed by the District Court of Travis County on a charge of rape.

The record contains no statement of facts, and the consideration which this court may give to the appeal is limited to the contents of two bills of exception.

Bill of Exception No. 1 includes thirty objections made to the court's charge and embraces several different subjects in a single bill. In approving this bill the court attaches the following qualification: "This Bill of Exceptions is approved with this qualification: that certain of the exceptions taken were met by the Court by corrections made in the Charge before the Charge was given. Reference is here made to the Charge as given and the same is incorporated for reference into this Bill of Exceptions, and this Bill is fully approved on all those exceptions not cured by the Court in its Charge, as reflected by the Charge actually given."

The bill complains of more than one error, some of which, it is very apparent, are not subject to the exceptions made to them. The qualification of the court is to the effect that some of them had been cured. Just which ones is not pointed out. Without the qualification of the court or with it, the bill is defective and presents nothing which this court may consider under the rules, particularly without the statement of facts.

Bill of Exception No. 2 presents an exception to the argument of the prosecuting attorney in closing the case which, under some circumstances, would require a reversal of the case. The language is as follows: "Who was out there to tell it except she and the defendant? If she had submitted to him willingly, why should she have come here and submitted herself to this disgrace? There was no one but she and the defendant out there."

It is further stated in the bill that the defendant had not testified or taken the stand to testify in this cause; and the bill further states facts showing that at the time and place referred to no one was present except the prosecutrix and the defendant himself, and that no other person could have testified to what occurred. To this bill the court attaches the following qualification:

"That attorney for defendant, Ray Holder, in his argument stated that the testimony of the prosecuting witness, Elsie Eckwall, showed that she had been reading True Story Magazine and True Confession Magazine and movie stories of young women who had gained publicity and that the case of the State's witness was a perfect case of that type of woman. That hearing it showed that she had made up the story for the purpose of getting into publicity, counsel arguing at length along that line. The argument of the defense counsel was to the effect that the testimony of the prosecuting witness was simulated in order to gain notoriety and publicity. In his closing argument the district attorney made a statement in language substantially as follows, to-wit: 'Now, Mr. Holder is talking to you about this woman reading True Story and True Confession and true love stories and trying to get into the movies to make a publicity stunt out of that occurrence out there on the night of this trouble. She was not being helped any among her friends and family by telling what had occurred out there. It was most humiliating to her. You saw her and can see that she is a quiet and inoffensive woman. Why should she have gone among her friends and family and tell a lie about it? Who was out there to tell it except she and the defendant? If she had submitted willingly, why would she have come here and submitted to this disgrace? There was no one but she and the defendant out there.'

"The Court considered the remarks of the district attorney, and especially to the effect, 'Who was out there to tell it except she and the defendant? If she had submitted willingly, why would she have come here and submitted to this disgrace? There

was no one there but she and the defendant,' was in reply to the argument and position taken by the appellant's counsel, and in the Trial Court's opinion was not an argument or reference to the failure of the defendant to testify or deny the charge against him."

Subject to the foregoing qualification the court approved the bill. We recognize the difficulty in distinguishing this case from a number of decisions of this court on the subject, but we believe that a distinguishment should be made. Without discussing the authorities, which are numerous, it is generally held where any reference is made to the "failure" to have certain testimony in the case and the evidence discloses that the defendant alone could have given that testimony but he did not testify, it would be held to be an allusion to his failure to testify. It will be noted, however, from the foregoing bill, as qualified, that the attorney was not discussing the "failure" of any testimony but was discussing the testimony as it actually existed, which he was permitted to do. There was no reference to any lack of evidence on any subject. The evidence according to the qualification of the court, shows that no one else was present except the two parties. The prosecuting attorney had a right to discuss the evidence as it actually existed and he made no allusion to the fact that the defendant could have changed it by his own testimony, nor is there such an inference; neither is there any criticism, actual or implied, because the defendant failed to produce the testimony. The attorney was merely discussing the case as it was presented in reply to the speculative argument of defendant's counsel as to the motive of the prosecutrix in her testimony. We fail to find any allusion to the defendant's failure to testify in this statement under the circumstances as presented by the court's qualification of the bill, and by that we are bound.

There being no error presented in the record on appeal, the case is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

After carefully re-examining the record in the light of appellant's motion for rehearing, we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.