## JOHN T. CARTER V. THE STATE.

No. 21024. Delivered May 29, 1940.
Rehearing Denied November 27, 1940.

The opinion states the case.

*Kahn & Branch, John N. Snell, Sr.,* and *Kenneth H. Aynesworth, Jr.,* all of Houston, for appellant.

*Dan W. Jackson,* Criminal District Attorney, and *Allie L. Peyton, Assistant* Criminal District Attorney, both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is perjury. The punishment assessed is confinement in the State penitentiary for a term of three years.

The record shows that appellant was a member of the jury before whom Vincent Vallone was tried in the Criminal District Court No. 2 of Harris County, Texas, for the murder of J. I. Thomas. The jury found Vallone guilty of murder with malice and assessed his punishment at confinement in the State penitentiary for life. Vallone, in due time, filed a motion for a new trial and subsequently an amended motion for a new trial in which he set up, among other grounds, that some one or more of the jurors, while deliberating on their verdict, stated that the defendant, Vallone, had been accused of the murder of one Navarro; that no evidence thereof had been introduced on the trial. Appellant made an affidavit in which he stated the facts

above set forth to substantiate the averments in the motion for a new trial. By written pleading, the State denied the averments in the motion, contested the same and supported its pleading by the affidavits of the other eleven members of said jury.

The perjury indictment in this case is based upon the alleged false affidavit of the appellant Carter.

Appellant challenges the sufficiency of the indictment upon the following grounds:

"1. Because the indictment in this case is fatally defective in substance, and therefore defendant suggests to the court that the judgment has not been legally rendered against him."

"2. Because the indictment herein is defective in substance because it charges no offense against the laws of this State."

"3. Because the indictment herein is defective in substance because there is no allegation that there was any issue made on the amended motion for a new trial in the case of State of Texas vs. Vincent Vallone."

"4. Because the indictment herein is defective because there is no allegation that the affidavit mentioned in the indictment was material to any issue."

"5. Because the indictment herein is defective because it does not allege that there was any issue joined on the hearing of the motion for new trial."

"6. Because the indictment is defective because there is no allegation that the affidavit was to be used or was used as evidence, and if the affidavit was not used as evidence, then it, with the motion, was but a pleading, and would not substantiate the the motion merely because it was attached to the amended motion for a new trial."

Omitting the formal parts, the indictment reads as follows: "That on the 16th day of October, A. D., 1939, in said county and state, in the Criminal District Court Number Two of Harris County, Texas, then in session, and of which said court Langston G. King was then and there the legally qualified judge, there was pending a certain criminal judicial proceeding wherein the State of Texas was the plaintiff and one Vincent Vallone was the defendant, wherein said Vincent Vallone was duly and legally charged by indictment with having on or about the 29th day of August, A. D., 1939, in the County of Harris and State of Texas, with malice aforethought, voluntarily killed J. I.

Thomas by shooting him with a gun, and of which said judical proceeding the said Court then and there had jurisdiction, and wherein issue was then and there duly joined between the said State of Texas and the said Vincent Vallone, before the said judge and a jury was duly organized to try said issue, of which said jury John T. Carter was then and there a member, duly selected and sworn to serve thereon; and, the said Vincent Vallone having been duly arraigned and evidence having been adduced by both sides, and both sides having rested and the Court having charged the jury, and the jury having retired to deliberate on its verdict in said cause, the said jury then and there duly returned into Court its verdict in said cause as follows: 'We, the jury, find the defendant, Vincent Vallone, guilty of murder as charged and assess his punishment by confinement in the State penitentiary for life'; and thereafter on the 20th day of October, 1939, within two days from said conviction, the said Vincent Vallone duly filed his original motion for a new trial, and on the 31st day of October, 1939, before the expiration of the term of said Court the said Vincent Vallone duly filed in said Court his amended motion for new trial in said cause, setting forth in said motion as alleged grounds for granting a new trial, among others the following: 'Because the jury after having retired to deliberate upon this case, received other testimony of a material nature in this, that the jurors stated that the defendant was accused of the murder of one Navarro, when there was no testimony in the entire case, directly or indirectly, intimating that the defendant was ever accused of such an offense, and the defendant asserts that he had never been arrested or indicted for said killing, nor has any kind of a charge been made in any court charging him with such an offense. That the killing of Navarro was never mentioned during the trial, and that said testimony so given by the jurors was before they reached the verdict and in the absence of the defendant and without any opportunity of cross-examination, said statement of accusing the defendant of having killed Navarro was prejudicial, was inflammatory to the minds of any jurors who had never heard thereof and was calculated to increase the penalty which it did, and that said statement was evidently made for the purpose of influencing said jurors who were for a lesser penalty to agree to a higher penalty and same was used by the jury not alone to affect defendant's guilt, but to induce those jurors who were for a lesser penalty to agree to a life sentence, and the defendant again refers the court to the affidavit of said juror, J. T. Carter, hereto attached and mentioned in the preceding paragraph';

and there was then and there attached to said amended motion for a new trial in said cause, and filed with said motion by said Vincent Vallone as a part of said motion and as supporting evidence of the allegations of said motion, an affidavit of the said John T. Carter, who had served as a juror in the trial of said cause, said affidavit being then and there filed and presented to the Court by the said Vincent Vallone in an effort to procure the granting of a new trial in said cause; and prior to the filing of said amended motion for a new trial and the filing of said affidavit in connection therewith, to-wit, on the 30th day of October, A. D., 1939, in said Harris County, Texas, the defendant herein, John T. Carter, did then and there make and swear to said affidavit, same being a statement in writing, and did take oath to the truth of the said statement by then and there personally appearing before Catherine F. Leonard, a notary public in and for Harris County, Texas, a person authorized by law to administer oaths and the said John T. Carter did then and there take his corporal oath before said notary public, which said oath was duly administered to him by said notary public, and was required by law and was necessary for the ends of public justice, and under the sanction of said oath the said John T. Carter did then and there, wilfully and deliberately state in writing that during the deliberations of the jury in said cause the jury and the members thereof discussed the case where the defendant in said cause, Vincent Vallone, had been accused of the murder of one Navarro, which said statement was material in said cause for the purpose of substantiating the allegations contained in said amended motion for a new trial, and the said John T. Carter then and there knew that said affidavit and statement would be presented to the said Court in connection with said amended motion for new trial; whereas in truth and in fact the jury and the members thereof did not discuss the case where the defendant, Vincent Vallone, had been accused with the murder of one Navarro, and did not discuss or mention the killing of one Navarro; which said statement so made by the said John T. Carter was wilfully and deliberately false, and the said John T. Carter knew the same to be false when he made it."

The first two grounds urged by appellant against the sufficiency of the indictment are general, and in our opinion, are covered by the more specific objections Nos. 3, 4, 5 and 6. Consequently, we shall first discuss the third objection and the remainder in their numerical order.

Appellant claims that there is no allegation in the indict-

ment to the effect that there was any issue made on the motion for new trial in the case of the State of Texas v. Vincent Vallone. Looking to the indictment, we note that Vincent Valone, in his amended motion for a new trial, set up matters relating to the misconduct of the jury which, if true, might have entitled him to a new trial, and to this motion, Vincent Vallone attached the affidavit of the appellant substantiating the averments therein. The motion, together with the affidavit of the appellant supporting the averments therein, wsa required by law to entitled him to a hearing thereof. Consequently, an issue was raised as against the validity of the verdict of the jury and the judgment of the court based thereon. It was charged in the indictment that the appellant, John T. Carter, under the sanction of his oath, did then and there wilfully and deliberately state in writing that during the deliberation of the jury in said cause the jury and the members thereof discussed the fact that Vincent Vallone had been accused of the murder of one Navarro, which said statement was material in said cause for the purpose of substantiating the allegations contained in the motion for a new trial and that the same were false. It is further charged that John T. Carter then and there knew that said affidavit and statement would be presented to the court in connection with said amended motion. This, we think, was a sufficient averment showing that an issue was made by the motion as against the validity of the verdict of the jury and the judgment of the court thereon.

Article 302, P. C., defines perjury as follows: "Perjury is a false statement, either written or verbal, deliberately and wilfully made, relating to something past or present, under the sanction of an oath, or such affirmation as is by law equivalent to an oath, where such oath or affirmation is legally administered, under circumstances in which an oath or affirmation is required by law, or is necessary for the prosecution or defense of any private right, or for the ends of public justice."

Article 306, P. C., reads as follows: "All oaths or affirmations legally taken in any stage of a judicial proceeding, civil or criminal, in or out of court, or before a grand jury, are included in the description of perjury."

We think that the third ground of objection urged against the indictment is without merit. See Beach v. State, 32 Tex. Cr. R. 240; Galindo v. State, 89 S. W. (2d) 990.

The appellant's next contention is that the indictment is fatally defective because there is no allegation that the affidavit

mentioned in the indictment was material to any issue. An inspection of the indictment will disclose that it charges that John T. Carter did then and there make and swear to an affidavit before Catherine F. Leonard, a notary public in and for Harris County, Texas, a person authorized to administer oaths, and did then and there take his corporal oath before said notary public, which oath was duly administered to him by the said notary public and was required by law and was necessary for the ends of public justice and under the sanction of said oath the said John T. Carter did then and there wilfully and deliberately state in writing, etc., for the purpose of substantiating the allegations contained in said amended motion for a new trial and the said John T. Carter then and there knew that said affidavit and statement would be presented to the court in connection with said amended motion for a new trial. We think this is a sufficient averment that an issue was made by the filing of said amended motion against the validity of the verdict of the jury and the judgment of the court thereon. We overrule the appellant's contention.

The next ground urged against the sufficiency of the indictment is that there is no allegation that the affidavit mentioned in the indictment was material to any issue. We are not in accord with the appellant's contention. The indictment charges that it was necessary for the ends of public justice. If it was, then it was material. And the indictment further charges that said statement in the affidavit was material in said cause for the purpose of substantiating the allegations contained in said motion for a new trial. It is not necessary, we think, that the indictment should have further charged that it was material. If the facts which showed it to be material are sufficiently charged to show their materiality, this is deemed sufficient. In support of what we have said here, we refer to the cases of Bell v. State, 171 S. W. 239; Tellis v. State, 61 S. W. 717.

The fifth ground urged against the indictment is that it does not charge that there was any issue joined on the hearing of the motion for a new trial. We do not deem it necessary to discuss the question here presented. We are of the opinion that what we have heretofore said relative to the issue joined makes it unnecessary for us to further discuss the question.

The sixth ground of objection to the indictment is that there is no allegation that the affidavit was to be used or was used as evidence, and if the affidavit was not used as evidence, then it, with the motion, was but a pleading and would not substan-

tiate the motion merely because it was attached thereto. It will be noted that it was charged in the indictment that it was the affidavit of the said John T. Carter, who had served as a juror in the trial of said cause, said affidavit being then and there filed and presented to the court by the said Vincent Vallone in an effort to procure the granting of a new trial in said cause. We think that under the statute defining perjury, which we have hereinabove set out, it was not necessary that the affidavit be introduced in evidence if it was attached to the motion for a new trial. The affidavit, together with the motion, was presented to the court with the view and for the purpose of obtaining a new trial on the facts therein stated and thus brought it within the purview of the State.

By Bill of Exception No. 1 appellant complains of the action of the trial court in permitting the State to offer in evidence Paragraph 11 of the amended motion for a new trial filed by Vincent Vallone in the case of State of Texas v. Vincent Vallone then pending in said court. Appellant objected thereto on the ground that there was no allegation in the indictment that any issue was joined between the State and the defendant on the hearing of the motion; that there is no allegation in the indictment that any controversion was filed or that any answer was filed by the State or that any issue was joined on the hearing for a new trial; that there is no averment that the affidavit was material to any issue raised on the hearing of the amended motion. The court overruled the objection and permitted the State to introduce in evidence said Paragraph 11 of said amended motion, to which action of the court the appellant excepted. We see no error reflected in this bill of exception. Hence, the same is overruled.

By Bill of Exception No. 2 appellant complains of the action of the trial court in permitting the State to offer in evidence the affidavit of the appellant made and sworn to before Catherine F. Leonard, a notary public in and for Harris County, Texas, on the 30th day of October, 1939, and which affidavit was attached to the motion of Vincent Vallone for a new trial, to which defendant objected because there is a variance between the indictment and the evidence offered in this: That the indictment merely alleges that the defendant, John T. Carter, made the affidavit which was attached to the amended motion and the indictment failed to state that the affidavit of the said John T. Carter was set out in haec verba or the substance thereof, and merely offering the two paragraphs above quoted would be a variance and not admissible and could not be the predicate of

this indictment. And the defendant further objected because an affidavit which forms the basis of a perjury charge must be set out in haec verba or the substance thereof; that the indictment does not undertake to set it out in haec verba, nor does it undertake to set out the substance thereof, nor does the indictment set out any particular paragraph of the affidavit by saying, "among other things stated in the affidavit," and is a clear variance. We do not think that it is necessary to set out the affidavit of Carter in haec verba. It would seem to be sufficient to base an allegation of perjury upon the same material averments in the affidavit as in the motion for a new trial which was filed, because to set out an entire affidavit in haec berba might include averments which are not false and therefore would not be a basis for a charge of perjury. We note that it is charged in the indictment in part as follows: "The said John T. Carter did then and there, wilfully and deliberately state in writing that during the deliberations of the jury in said cause the jury and the members thereof discussed the case where the defendant in said cause, Vincent Vallone, had been accused of the murder of one Navarro, which said statement was material in said cause for the purpose of substantiating the allegations contained in said amended motion for a new trial, and the said John T. Carter then and there knew that said affidavit and statement would be presented to the said Court in connection with said amended motion for new trial; whereas in truth and in fact the jury and the members thereof did not discuss the case where the defendant, Vincent Vallone, had been accused with the murder of one Navarro, and did not discuss or mention the killing of one Navarro."

Thus, it will be noted that that part of the affidavit upon which the perjury was assigned is set out in substance, and the affidavit which was admitted in evidence over the appellant's objection, was pertinent in support of the allegations in the indictment. It seems to be the established rule in this State that statements not alleged to be false and which the State has not assigned as perjury may be introduced on trial if they tend to show that the false statement on which the perjury is assigned was made deliberately and wilfully. See Jefferson v. State, 29 S. W. 1090; McDonough v. State, 84 S. W. 594. We think that under the rule announced in the cases cited, it was admissible. In the case of McDonough v. State, supra, this court, among other things, said: "While perjury was not assigned on any statement made at the trial by appellant, his parol testimony delivered during said trial tended to shed light

upon his intent, as to his testimony in the deposition on which the assignment of perjury was based."

The court held in that case that the testimony of C. K. Lee as to matters detailed by McDonough in his cross-examination on the trial of the civil suit was admissible.

By Bill of Exception No. 3 appellant complains of the remark by the Assistant District Attorney in his closing argument to the jury in which he used the following language: "We can't bring you any more, because there were only twelve men in that jury room; we couldn't bring in another witness."

Appellant objected to that remark on the ground that it was an allusion and reference to the appellant's failure to testify. The bill shows that upon the trial of the case of the State of Texas v. Vincent Vallone the appellant was a member of the jury which convicted Vallone of the murder of J. I. Thomas. The record further discloses that Vincent Vallone filed a motion for a new trial based upon alleged misconduct of the jury which we have herein set forth in substance. The appellant, Carter, made an affidavit in which he set forth the acts constituting the misconduct of the jury which are in substance and effect as charged in the motion. This affidavit was attached by Vallone to his motion for a new trial and upon a hearing thereof was presented to the trial court. To further substantiate the allegations in the motion the appellant, Carter, took the witness-stand and testified to the alleged acts of misconduct of the jury. By a written reply, the State controverted the motion for a new trial and in support thereof offered the affidavits of the other eleven jurors who were members thereof with the appellant. On the trial of the instant case, the State introduced all of said eleven jurors who testified that neither of them mentioned the fact that Vallone had been accused with the murder of Navarro, nor did they, or either of them, hear the appellant, Carter, make such statement or make any reference thereto while the jury were deliberating upon their verdict. The State also offered in evidence the affidavit of the appellant, Carter, to which reference has heretofore been made. The argument complained of was based upon the testimony of the eleven jurors and the affidavit of appellant which was attached by Vallone to his motion for a new trial. Consequently, all the witnesses who had any knowledge of what transpired in the jury room during the time the jury were considering their verdict in the case of Vallone v. State were before the court. The District Attorney had the right to discuss the testimony given by each of the eleven

jurors and also the affidavit made by appellant. Although defendant did not testify in his own behalf, it occurs to us that in order to reach the conclusion contended for by appellant from the remark complained of, it would require a stretch of human imagination. It seems to be the rule that before the language of the prosecutor will be sustained as an indirect allusion to the failure of the accused to testify, such implication must be a necessary one. See Nichols v. State, 10 S. W. (2d) 109; Lowry v. State, 137 S. W. (2d) 785; Kennington v. State, 49 S. W. (2d) 776; Boone v. State, 235 S. W. 580. Here, as in the case of Lowry v. State, supra, the District Attorney discussed the evidence as it actually existed and he made no allusion to the fact that the defendant could have changed it by his own testimony, nor is there such an inference; neither is there any criticism because the defendant failed to produce any witnesses or any testimony.

All other matters complained of have been examined by us and are deemed to be without merit.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant renews his attack upon the indictment on the general ground that it fails to allege the materiality of the alleged false statement contained in appellant's affidavit which was attached to the motion for new trial. We have again critically examined the indictment—which is incorporated in our original opinion—and fail to find any vice therein.

In his valuable work (Branch's Ann. Penal Code) the author on page 474 states a principle supported by the authorities cited, as follows: "If the indictment fails to directly allege that the false statement was material to the issue, it cannot be sustained, unless the testimony of itself, and without extraneous aid, be so clearly material as that it would be supererogation to aver its materiality; or unless the facts and circumstances * * * are so alleged as to manifest its materiality. Smith v. State, 1 Texas Crim. App. 620; Martin v. State, 33 Texas Crim.

Rep. 319; 26 S. W. 400 Buller v. State, 33 Texas Crim. Rep. 553; 28 S. W. 465. Weaver v. State, 34 Texas Crim. Rep. 554; 31 S. W. 400. Crow v. State, 49 Texas Crim. Rep. 103; 90 S. W. 650; Barber v. State, 64 Texas Crim. Rep. 96; 142 S. W. 579 * * * Bell v. State, 171 S. W. 239; Scott v. State, 171 S. W. 243." Or, as stated in the Smith case, 1 Tex. Cr. App. 620: "Where the materiality of the evidence alleged to be false is shown by the nature of the case, no express averment of its materiality is necessary."

Applying that principle to the present indictment we think the averments taken as a whole unquestionably show the materiality of the alleged false statement. Moreover we observe that after averring the alleged false statement it is particularly alleged "which said statement was material in said cause for the purpose of substantiating the allegations contained in said amended motion for a new trial."

We think there was no failure in the evidence to show the materiality of the alleged false statement in the affidavit made by appellant.

We discover no basis supporting appellant's contention that the court should have charged on circumstantial evidence. It is true as pointed out by appellant that the eleven other jurors testified that if any mention was made in the jury room while considering Vallone's case that he had been charged with or accused of the murder of one Navarro they never heard such thing referred to. Appellant apparently overlooks the fact that each of the eleven jurors categorically denied that he mentioned any such thing.

Appellant excepted to the court's charge because it omitted to tell the jury "that the record in the main case, that is, the Vallone case, was admitted solely to show that such a case was pending against the said Vallone, but that the records in the Vallone case should not be considered by the jury as tending to prove the charge of perjury against the defendant." We are cited in the motion for rehearing to Higginbotham v. State, 24 Tex. Cr. R. 508, 6 S. W. 201, as supporting appellant's position that the failure of the court to respond to the foregoing objection to the charge was reversible error. There is no doubt that in some cases a failure to so limit certain evidence would be improper and the Higginbotham case (supra) furnishes such an instance.

Under the present record we fail to find how any part of the record in the Vallone case which was introduced in evidence

by the State in this trial could possibly have been utilized by the jury to the hurt of appellant on the charge of making a false affidavit which was attached to an amended motion for new trial in Vallone's case. Therefore, the failure of the court to limit such evidence does not appear to present serious question. Art. 666 C. C. P. would seem to have application here. We note in this connection that the court did incorporate in his instruction to the jury the following: "* * * You are charged that the fact that Vincent Vallone was tried and convicted for the offense of murder is not evidence of the guilt of this defendant in this case."

In addition thereto at appellant's request he gave a special charge as follows: "You are instructed that you must not mention or discuss in your retirement whether or not a new trial was granted or refused in the Vallone case. Keep silence on that subject."

The other matters urged in the motion for rehearing were sufficiently discussed in our original opinion.

Appellant's motion for rehearing is overruled.