Harold COOLEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 16, 1970.

---

Stanley C. Nickell, Vanceburg, for appellant.

John B. Breckinridge, Atty. Gen., James Barr, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant was indicted for murder and upon trial was convicted of voluntary manslaughter for the death of his brother resulting from a knife wound inflicted by appellant. He was sentenced to confinement in the penitentiary for a period of ten years.

On this appeal the appellant contends that the trial court erred (1) by excluding competent testimony from the jury, (2) by refusing to give a specific instruction upon the appellant's defense that at the time of the stabbing he was suffering from psychomotor epilepsy and did not know what he was doing. He further contended that even if he was not entitled to such a specific instruction, the general insanity instruction given did not adequately present his defense.

On the night of the fatal stabbing the appellant and his brother, the victim of the stabbing, were traveling together in an automobile owned and operated by the brother. There is evidence that both men had been drinking. The appellant wanted to drive the automobile and his brother refused to let him do so. This precipitated an argument between them during which the automobile was stopped upon the street.

A car proceeding in the opposite direction came upon the scene and was stopped by the appellant who was then out in the street. The two occupants of this car witnessed the stabbing which occurred while the decedent was approaching the appellant in an attempt to get him back into the car.

Shortly after the stabbing, one of the occupants of the other car obtained a gun from the trunk of his car and demanded that appellant put the knife away. This the appellant did. The appellant was then knocked to the ground and the knife removed from his possession. He thereupon commenced to twitch and jerk spasmodically and otherwise manifested symptoms of an epileptic seizure.

At the trial the appellant professed to have no recollection of the stabbing or of any of the events that transpired after he got out of the car.

The appellant had suffered epileptic seizures for approximately eight years prior to the stabbing and was taking medication and undergoing treatment for this condition.

A psychiatrist testified that appellant was suffering from psychomotor epilepsy which is not a form of insanity in that it is not psychological but is a manifestation of a mental defect or disease. He further testified that victims of psychomotor epilepsy are susceptible to grand mal seizures and that one of the stages of psychomotor epilepsy is a state of automatism during which the subject of the attack is not aware of his actions and of which he later has no memory. This state of automatism may last for a matter of seconds to a matter of days depending upon the situation in each particular attack.

During the trial the appellant's wife was asked to describe the things he would do when having a seizure. The court sustained the Commonwealth's objections to this question. The appellant contends that this evidence was competent and its exclusion was prejudicial error.

▆ No avowal was made and we do not know what the response to the question would have been and thus cannot determine if the answer would have been competent, and if so, whether its exclusion was prejudicial. The claimed error has not been preserved for review. Sebastian v. Commonwealth, Ky., 436 S.W.2d 66 (1969).

Appellant next contends that he was entitled to a specific instruction permitting his exoneration if the jury believed that by reason of an attack of epilepsy he was not aware of his actions at the time of the stabbing.

▆ Where a defendant admits facts constituting an offense but interposes a legal excuse exonerating him from criminal intent, instructions should submit the excuse to the jury in concrete form. Morgan v. Commonwealth, 242 Ky. 116, 45 S.W.2d 850 (1932) and Gibson v. Commonwealth, 204 Ky. 748, 265 S.W. 339 (1924).

A specific instruction was required where the defendant claimed to be unaware of what he was doing by reason of somnambulism, Fain v. Commonwealth, 78 Ky. 183, 39 Am.Rep. 213 (1879) and by reason of taking drugs prescribed by a physician. Burnett v. Commonwealth, Ky., 284 S.W.2d 654 (1955). Neither of the above cases involved any claimed defect of the mind. Smith v. Commonwealth, Ky., 268 S.W.2d 937 (1954) is not controlling because in that case the court approved a specific instruction submitting a defense of "black outs caused by epilepsy" but did not hold the failure to give such an instruction to be reversible error.

■ In this case the claimed defense in substance is that the accused did not know what he was doing by reason of a defective condition of his mind. No specific instruction on epilepsy was required so long as a general instruction on insanity which adequately presented this issue for determination was given. Hurley v. Commonwealth, Ky., 451 S.W.2d 838 (1970) and Futrell v. Commonwealth, Ky., 437 S.W.2d 487 (1969).

The appellant contends that the court erred because the instruction given on insanity did not contain the language set forth in Terry v. Commonwealth, Ky., 371 S.W.2d 862 (1963). The Commonwealth argues that this alleged error is not preserved for review since no such specific objection was made to the instruction given nor set forth in a motion and ground for a new trial. RCr 9.54.

■ While it is true that no specific objection was made that the defense of insanity was not presented in the language set forth in Terry v. Commonwealth, supra, the appellant did make a specific objection that the instructions given did not adequately present his defense of epilepsy and in view of this objection, we feel that he has preserved the question of whether the instruction given adequately presented the defense.

The instruction given was:

"The law presumes every man sane until the contrary is shown by the evidence; and, before the defendant can be excused on the ground of insanity, the Jury must believe from the evidence that the defendant was at the time of the killing without sufficient reason to know what he was doing, or had not sufficient reason to know right from wrong, or that, as a result of mental unsoundness, he had not then sufficient will power to

govern his actions, by reason of some insane impulse which he could not resist or control."

■ Although this instruction presents the M'Naghten rule in terms of knowing "right from wrong" rather than in terms of "substantial inability to understand that a violation of law was being committed", it is readily apparent that appellant's defense of epilepsy did not go to the question of whether or not he understood that what he did was a violation of law but rather it was predicated upon the fact that he simply did not know what he was doing at the time he committed the act.

The jury was instructed that appellant could be excused on the ground of insanity if it believed from the evidence that appellant at the time of the killing was without *sufficient reason to know what he was doing*. We believe this adequately presented his defense.

■ He is not prejudiced by the failure of the instruction to mention substantial incapacity since the incapacity which he claimed was total unawareness of what he did.

■ We are not holding here that appellant would not have been entitled to the Terry insanity instruction if he had requested it or had specifically objected to the failure of the court to use its language, but having failed to so object in the trial court, we will not review that question. Nevertheless, the appellant was entitled to an instruction which permitted the jury to exonerate him if they believed from the evidence that he did not know what he was doing at the time he committed the act and he did get such an instruction.

The judgment is affirmed.

All concur.