Robert GAUTHIER, Appellant,

v.

The STATE of Texas, Appellee.

No. 46225.

Court of Criminal Appeals of Texas.

July 11, 1973.

Joe Bailey Allen, Longview, for appellant.

Ralph Prince, Dist. Atty., Longview, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for perjury; the punishment, two years imprisonment.

The appellant had been indicted and tried for the alleged offense of assault with intent to commit murder upon his estranged wife. The charge of perjury in this case is based upon the appellant's testimony in the assault case. It is alleged and assigned that the appellant "Did . . . testify that he had never seen the pistol, State's Exhibit No. 1, prior to the shooting in Zale's Jewelry Store on December 18, 1970; and he did not bring such pistol to the said store, and that he saw the pistol for the first time when Ann Gauthier had it in her hand." There were allegations of the materiality of the appellant's testimony and the assignments of perjury were traversed.

In one of the grounds of error complaint is made of the trial court's refusal to submit to the jury a requested charge that the appellant was entitled to an acquittal if the jury found that the appellant, when he testified at the former trial, believed his testimony, which was assigned as perjury, was true.

If the evidence raised the issue, the jury should have been instructed that if it found

the appellant believed his testimony, which was assigned as perjury, was true, when he gave such testimony, he was entitled to be acquitted. See Luna v. State, 44 Tex.Cr.R. 482, 72 S.W. 378 (1903); Aguirre v. State, 21 S.W. 256 (Tex.Cr.App.1893); Jackson v. State, 88 Mont. 420, 293 P. 309 (1930); Morgan v. Commonwealth, 242 Ky. 116, 45 S.W.2d 850, and cf. People v. German, 110 Mich. 244, 68 N.W. 150 and State v. Lynes, 194 Mo.App. 184, 185 S.W. 535 (1916).[1]

Although the court did charge the jury that: "A statement made through inadvertence or under agitation or by mistake, is not perjury;" that, "said statement must be deliberately and willfully made" and did define the terms "deliberately" and "willfully," the appellant was entitled to the defensive charge which he requested, if it was raised by the evidence. See Porter v. State, 48 Tex.Cr.R. 301, 88 S.W. 359 (1905) and State v. Fasano, 119 Conn. 455, 177 A. 376 (1935).[2]

In 31 Tex.Jur.2d, Instructions, Sec. 110, p. 660, it is written:

"A defensive theory when raised by the evidence should always be submitted to the jury. The defendant has a right to an affirmative instruction on every defensive issue raised by the evidence whether the evidence is produced by the state or by the defense, whether it is strong or feeble, whether it is unimpeached or contradicted, or whether it is conflicting. Where the truth of the testimony is for the jury to determine, a charge on a defensive issue raised by the testimony, should be given, even if the trial court is of the opinion that the testimony is not entitled to credence."

For recent applications of the rule, see Goldman v. State, 468 S.W.2d 381 (Tex. Cr.App.1971); Ramos v. State, 478 S.W.2d 102 (Tex.Cr.App.1972); Jones v. State, 387 S.W.2d 408 (Tex.Cr.App.1965); Rodriguez v. State, 372 S.W.2d 541 (Tex.Cr. App.1963) and Barton v. State, 172 Tex. Cr.R. 600, 361 S.W.2d 716 (1962).

In this case the appellant testified in his own defense. *He testified that he believed the testimony he gave during the former trial of the assault case was true.* He explained further: "I was under the impression to answer the question that was asked to me," and, "Well, I just spoke out whatever they asked me. I just, you know, answered the questions."[3] He testified at this trial, and the record of the prior trial does show that he was never asked during the prior trial if he brought the gun to Zales Jewelry Store, but was asked several "double questions." He was asked: "You didn't bring that gun in there in your pocket?" Answer: "I didn't." He explained on this trial that he took the gun to Zales Jewelry Store in a package and not in his pocket. Another question was: "Did you bring the gun with the intention of shooting?" Answer: "No, I did not." He explained his answer by saying he did not

---

1. Recently, in a very similar fact situation, the United States Supreme Court held that there was not a violation of the Federal perjury statute and that a conviction for perjury could not be upheld. See Chief Justice Burger's opinion, for a unanimous court, in Bronston v. United States, 409 U.S. 352, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973), holding that the Federal perjury statute, 18 U.S.C., § 1621, does not reach a witness' answer that is literally true, but unresponsive, even assuming the witness intends to mislead his questioner by the answer, and even assuming the answer is arguably "false by negative implication." A perjury prosecution is not, in our adversary

system, the primary safeguard against errant testimony; given the incongruity of an unresponsive answer, it is the questioner's burden to frame his interrogation acutely to elicit the precise information he seeks.

2. See also 2 Branch's Ann.P.C., 2d ed. 327, Sec. 868.1, the second suggested charge taken from Carter v. State, 144 S.W.2d 582 (Tex.Cr.App.1940), which includes the charge requested in this case.

3. Almost all witnesses are admonished to answer the question propounded to them and not to volunteer any information. It appears that was what the appellant says he was attempting to do.

have the intention of shooting his wife when he went to the store where she was shot. On cross-examination in this case the appellant explained his answer at the former trial that he had first seen the pistol in Ann Gauthier's hand, as follows:

"Q. No, where was it, the pistol, when you first saw it? Now, what was your answer to that?

A. I told him it was in Ann Gauthier's hand, but that's the first time I actually seen the pistol in the store. That's what I thought he meant, but he was referring to—I mean he related everything around the store there. What's (sic) what I understood.

Q. Well, I'm asking you now what is the truth about where you first saw the pistol?

A. Oh, when I first seen it is when I bought it.

Q. Well, when you first saw it, was down there when you bought it at the pawn shop, right?

A. The way I understood, he didn't ask it that way. He asked when did I first see it at the store. That's the way he phrased the question." [4]

After the appellant testified and admitted he testified at the prior trial as charged in this case, as well as to the circumstances surrounding the purchase of the gun and taking it to the store where his wife was shot, there was only one contested issue which remained for the jury to decide. That was whether the appellant believed the testimony he gave on the former trial was true at the time he so testified. The appellant was entitled to have the jury instructed on this issue. If the jury chose to believe his testimony, after considering it in connection with the record showing the questions asked and the answers he gave in the prior trial, it should have acquitted him. The failure to give the requested instruction was reversible error.

The State argues that the appellant was not entitled to the requested charge. They cite as supporting authority Butler v. State, 429 S.W.2d 497 (Tex.Cr.App.1968) and quote from that opinion in their brief, as follows:

"Actually the weight of authority in recent cases is to the exact contrary, the most recent of which cases is Butler v. State (1968), 429 S.W.(2d) 497. In that Butler case, the court stated,

'It was long ago held by this Court that in a perjury prosecution the State need not allege or prove that an accused knew the statement to be false when he made it. Ferguson v. State, 36 Tex.Cr.R. 60, 35 SW 369 (overruling State v. Powell, 28 Tex. 627); Chavarria v. State, Tex.Cr.App. 63 SW 312.

'A witness may commit perjury if he swears to a matter about which he consciously has no knowledge. The effect of such testimony is that the witness declares that he knows the

4. The testimony given by the appellant at the prior trial was:
"Q. Robert, you heard that witness, Mrs. Gauthier, testify that you shot her on December 18, 1970. Did you hear her testify to that?
A. Yes, I did.
Q. Where did that occurrence take place?
A. At Zale's Jewelry.
Q. Where, at Zale's Jewelry?
A. In the back storage room.
Q. You have heard testimony that there was, what appeared to be, a small .22 caliber pistol—did you hear that?
A. Yes, I did.
Q. Where was it when you first saw it?
A. It was in Ann Gauthier's hand, waving it.
Q. When did you first see that pistol in her hand, waving it?
A. When I went in the back room.
Q. Is that when you went back there to talk to her?
A. Yes."

truth of what he states, and, if he is conscious he does not know it, he means to swear falsely. See Ferguson v. State, supra; Bishop New Cr.Law, Sec. 1042, subd. 2; See 2 Branch's Anno.P.C.2d Ed., Sec. 859, p. 313.'

"In the same Butler case, the Appellant by his special requested charge No. 4 requested the court to charge the jury,

'You are instructed that unless you believe beyond a reasonable doubt that Willie Hanson knew that he had previously been convicted of a felony when he testified in Criminal District Court No. 2 of Harris County, Texas, on October 13, 1965, you will find this defendant, Asberry B. Butler, Jr., not guilty."

Butler was charged with subornation of perjury. Willie Hanson was alleged to have testified falsely at the behest of Butler.

The requested charge number four in the Butler case is not analogous to the requested charge in this case. Butler was not charged with committing perjury.

In a perjury case the State need not allege and prove that the accused knew the statement to be false when he made it. But, it is quite another thing when the accused, as an affirmative defense, testifies that he believed at the time he testified he was testifying in a truthful manner. Such testimony entitles the accused to a defensive charge such as that requested by the appellant in this case.

The other alleged grounds of error are not likely to be presented in the event of another trial.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS, Judge (dissenting).

I join with Judge Morrison that this conviction should not be reversed because

of the refusal to instruct the jurors to acquit if they believed the appellant thought he was telling the truth at the first trial. The court instructed the jury on testimony given because of inadvertance or mistake. The gist of appellant's testimony in the present case was in effect that he did not understand the questions at the first trial.

During the trial of the present case, the witness testified that at the first trial he was afraid and nervous because it was the first time he had been in court. He testified at the first trial that he had never had the gun in his hand until after the shots were fired. In the present trial he testified that the gun was not in his hand but it was in a package and, in substance, that was the reason he answered the question the way he did and that he believed he was telling the truth because he answered everything like they asked him. And to the question and answer that he had never seen the gun before, he thought the question meant had he seen it before in the store where the shooting occurred, but that he had actually seen the gun when he bought it.

The court instructed the jury that a statement made through inadvertence or under agitation or mistake was not perjury. His defense was sufficiently submitted in the court's charge. Article 36.19, Vernon's Ann.C.C.P., provides, in part, that where the requirements of Articles 36.14, 36.15 and 36.16, V.A.C.C.P., relating to the court's charge ". . . [t]he judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. . . ." Under this statute, the error, if any, would be harmless.

For the above reasons, the conviction should not be reversed.

MORRISON, Judge (dissenting).

I cannot agree the conviction should be reversed because the court refused to in-

struct the jury to acquit if they believed appellant thought he was telling the truth.

Appellant does not contend that he believed his testimony at the former trial painted a true picture of the events. In other words his defense is not that he believed that testimony was factually true. This is the defense my brethren gratuitously bestow upon him.

Rather, appellant contends that he was nervous and that he did not properly understand the tenor and scope of the questions propounded to him. He contends his answers were literally true answers to the questions as he understood them, not factually true. This defense was adequately submitted to the jury, as my brother Douglas points out, through the court's charge that "A statement made through inadvertence or under agitation or by mistake is not perjury."

I dissent.