Nicholas TORRES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 46097.

Court of Criminal Appeals of Texas.

April 25, 1973.

Rehearing Denied May 16, 1973.

Melvyn Carson Bruder, Bennie Juarez, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

Conviction by a jury on a plea of not guilty of assault with intent to rape; the punishment assessed by the court, 21 years.

About 2:00 A.M. on August 1, 1970, prosecutrix was accosted by a Spanish man while she was walking home from her job. The man pulled her into some bushes, grabbed her throat and began choking her. She lost consciousness and regained it some time later in Parkland Hospital. She was sore all over, and "her face and everything was hurting real bad and my throat." Her

nose was bruised and had blood dried all around it. She had bad burns around her throat and had a black eye. She was bruised "downbelow real bad, and hurt real bad down there," by which she said she was talking about her private parts. She said she had a bite, a tooth print on her right breast. She had a bruise on her leg. Her sexual parts were damaged. She had leaves in her hair and it was matted. She positively identified appellant as the man who assaulted her.

Dallas Police Officer Christopher was advised by three teenagers that a Latin American man had just pulled a woman off the street into some bushes near an apartment house. Approaching the scene, he heard "groaning, kicking and a woman screaming for help." He pulled out his pistol and ordered the people to come out. Appellant came out. His pants were down around his knees. He pulled up his pants and ran and the officer chased him for three blocks, never losing sight of him and placed him under arrest. Appellant's clothes were in disarray and had dirt on them.

The place appellant came from was out of the bushes at exactly the place where prosecutrix was found. When the officer found her, she was lying on her back with her legs spread and her knees up, she was naked from the waist down. Her blouse had been pushed up almost to her breast, she was bleeding profusely from several cuts and abrasions about the head and shoulders, and she was bleeding in the area around the vagina. Her face was distorted, cut and swollen.

Appellant took the stand and denied any assault of any nature upon prosecutrix. He said he kneeled down and crawled in the bushes to urinate, and ran when he saw the officer with the pistol.

The sufficiency of the evidence is not challenged.

■ The first ground of error urged by appellant is that the court erred in not charging on aggravated assault, as requested by him.

The court charged in part:

"Although you may believe from the evidence that the defendant assaulted the said L——— G——— at the time and place alleged, yet if at the time he did so, if he did, he did not have the specific intent in his mind to have carnal knowledge of her, or if you have a reasonable doubt thereof, you will acquit the defendant."

Such charge was more favorable to the rights of defendant than he requested, and he cannot complain.

■ We hold that the issue of aggravated assault was not raised by the evidence, since appellant denied any assault whatever, and the court was therefore not called upon to respond to his request.

The rule is well stated in 4 Branch's Ann. P.C., p. 219, Sec. 1889, as follows:

"If the case is either assault with intent to rape or that defendant is not guilty of any offense, it is not error to fail or refuse to charge on the issue of aggravated assault. Dorsey v. State, 1 [Tex.]App. 33; Long v. State, [Tex.Cr.App.] 46 S.W. 640; Ricks v. State, 48 Crim.[Tex. Cr.R.] 229, 87 S.W. 345; Herbert v. State, 49 Crim.[Tex.Cr.R.] 72, 90 S.W. 653; Fowler v. State, 66 Crim.[Tex. Cr.R.] 500, 148 S.W. 576; Hooper et al. v. State, 72 Crim.[Tex.Cr.R.] 82, 160 S.W. 1187; Rettig v. State, 90 Crim. [Tex.Cr.R.] 142, 233 S.W. 839."

Additional cases are Hale v. State, 164 Tex. Cr.R. 482, 300 S.W.2d 75; Daywood v. State, 157 Tex.Cr.R. 266, 248 S.W.2d 479. See also Garza v. State, Tex.Cr.App., 479 S.W.2d 294.

Appellant's ground of error No. 2 is that the court erred in not furnishing him a copy of Officer Christopher's testimony before the grand jury following the direct examination of the witness.

Officer Christopher testified for the State. Request was made for a copy of his testimony before the grand jury for use in cross-examination. Although the court had it before him, he refused this request. Appellant cites Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed. 973, to support his contention.

■ The record before us shows that the court permitted the prior testimony of Officer Christopher to be incorporated therein. We have examined it and find no inconsistencies with his testimony given on the trial. It is necessary that appellant show some special reason or particularized need for the testimony, and having failed to do so, he does not show harm by the denial of the trial court to permit him to have the previous testimony for cross-examination. Hicks v. State, Tex.Cr.App., 482 S.W.2d 186; Polk v. State, Tex.Cr.App., 476 S.W.2d 330; Garcia v. State, Tex.Cr.App., 454 S.W.2d 400; Brown v. State, Tex.Cr. App., 475 S.W.2d 938.

We overrule ground of error No. 2.

■ Ground of error No. 3 is that the court committed reversible error in denying his motion for mistrial because the prosecutor in his argument to the jury, at the guilt or innocence phase of the trial, injected facts outside the record as to the identification of appellant.

The argument complained of was that "she picked his picture out of a whole stack of photographs."

There was no real issue as to appellant's identity. The victim identified him positively in the courtroom, the arresting officer identified him positively as the individual he arrested fleeing the scene, and appellant himself testified that he was present at the scene, but was urinating, not assaulting.

The evidence with regard to a picture display was not before the jury. Appellant's objection was sustained, the jury was instructed to disregard the remarks, the pros-

ecutor apologized and reminded the jury to remember the testimony as they heard it and appellant's mistrial motion was denied.

Under the circumstances, no reversible error appears. Gibson v. State, Tex.Cr. App., 430 S.W.2d 507; Martin v. State, Tex.Cr.App., 475 S.W.2d 265; Ward v. State, Tex.Cr.App., 474 S.W.2d 471.

We overrule appellant's third ground of error.

We find no reversible error, and affirm the judgment.

Opinion approved by the Court.