**Reynaldo ANAYA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46720.**

Court of Criminal Appeals of Texas.

Nov. 7, 1973.

H. Tati Santiesteban and Marshall I. Yaker, El Paso, for appellant.

Steven W. Simmons, Dist. Atty., and Gary B. Weiser, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for burglary with the intent to commit theft; the punishment, five years' imprisonment. The appellant was granted probation.

The sufficiency of the evidence is challenged in two grounds of error, and the appellant urges in another ground that a

flashlight and a tire tool were erroneously admitted into evidence.

Allen Van Horn, a retired soldier, was awakened at approximately midnight by a "loud banging noise" which he heard several times, "like someone using a sledge hammer." He went to the window and saw a man standing with his back to the door of the American Optical Company kicking "backward real hard, he kicked the door. The door went open and he turned around and went in the building." As Van Horn commenced to dress he saw another man enter the building. Van Horn finished dressing, went out on the street and stopped a cruising police patrol car and reported to the officers what he had observed. The officers investigated immediately and found the appellant and Alex Morgan in the building. The appellant was found under a desk in a dark room. When he was told by one of the officers to "drop it" a "clang" was heard and an officer saw a flashlight and a pair of brown leather gloves.

The appellant's specific contention is that the evidence is insufficient because "defendant was not identified or placed at the scene at the time of the break-in." Van Horn's testimony was that a man he saw break into the building was ". . . either Mr. Anaya or someone that resembles him very closely." Van Horn was present when the officers brought Morgan and the appellant from the building and his testimony concerning this was as follows:

"Q You say you got a profile look at the two men as they came out of the building as the officers took them to the car?

A Yes.

Q All right, sir. Did you recognize either one of them as having seen them before?

A I recognized the one that had kicked the door open was one of the men they brought out.

Q All right, sir. And that was the man in the brown shirt whom you said looked like a Mexican American?

A Right.

Q Whom you said resembled the Defendant Reynaldo Anaya?

A Yes, it is.

Q All right, sir. And you got a profile look and you thought that this was the same man who had kicked the door?

A Yes, I did."

■ A burglarious entry may be shown by either direct or circumstantial evidence. Jones v. State, 458 S.W.2d 89 (Tex.Cr.App.1970). The breaking and entering of a house in the nighttime raises a presumption that it was done with the intent to steal. Graham v. State, 487 S.W.2d 359 (Tex.Cr.App.1972)'; Shelby v. State, 479 S.W.2d 31 (Tex.Cr.App.1972); Powell v. State, 475 S.W.2d 934 (Tex.Cr.App. 1972).

■ The evidence presented by the appellant in his defense was before the jury for its consideration and was rejected. The jury's verdict is supported by evidence sufficient to show that appellant broke and entered the building with the intent to commit theft.

The remaining ground of error is that "the trial court erred admitting State's Exhibit One (a flashlight) and State's Exhibit Two (a tire tool) into evidence without proper foundation and identification." The objection made at the time of trial was that ". . . they have not traced the custody of these instruments . . ."

■ There was some testimony that the exhibits had been lost or misplaced after an earlier trial. However, at the time the flashlight and the tire tool were introduced officer Clifford Y. Everett identified both exhibits by his initials "CYE" which he testified he had scratched on the

exhibits after they were found at the scene of the burglary. We perceive no error in permitting the introduction of the exhibits over the objection levelled to their admission. See Lopez v. State, 490 S.W.2d 565 (Tex.Cr.App.1973); Crocker v. State, 485 S.W.2d 567 (Tex.Cr.App.1972); Valdez v. State, 481 S.W.2d 904 (Tex.Cr.App.1972); Columbus v. State, 409 S.W.2d 400 (Tex. Cr.App.1966).

The judgment is affirmed.

Opinion approved by the Court.