James Hoyt McBRAYER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 47004.

Court of Criminal Appeals of Texas.

Jan. 23, 1974.

Rehearing Denied Feb. 13, 1974.

Joe Shannon, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty., R. J. Adcock, W. W. Chambers and J. J. Heinemann, Asst. Dist. Attys., Fort Worth, Jim D. Vollers,

## 446

State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction by a jury for assault with intent to commit rape with the punishment assessed at fifty (50) years.

In his first ground of error appellant complains that the trial court erred in denying his motion for change of venue.

The record reflects that appellant, before the trial of the case, made a motion for change of venue alleging a dangerous combination against him was instigated by influential persons since the complainant's mother "is . . . well respected and generally held in high regard by the courthouse community, including judges, lawyers, district attorneys, and law enforcers, and that because of this high regard, the defendant has been unable to hire attorneys of his own choice." The motion was supported by the affidavits of appellant's mother and two attorneys who all attested that because of appellant's difficulty in retaining counsel of his own choice a great prejudice existed against him in Tarrant County. No controverting affidavit was filed by the State.

On the date of trial a hearing was held on said motion at which time both the State and the appellant, without objection on the appellant's part, went fully into matters by examining and cross-examining the three compurgators as to the existence of prejudice and dangerous combinations possibly existing against appellant.

After hearing all the testimony on the issue and after the jury voir dire examination, the trial court determined that no prejudice or dangerous combination existed against appellant.

■ Even though the State failed to file a controverting affidavit, the appellant waived his right to a change of venue when he failed to object and voluntarily presented testimony on the said motion as though the issue had been raised. See Davis v. State, 19 Tex.Cr.R. 201; Lemons v. State, 59 Tex.Cr.R. 299, 128 S.W. 416 (1910).

Appellant's first ground of error is overruled.

In his next ground of error appellant challenges the sufficiency of the evidence showing his intent to rape the prosecutrix.

The record reflects that at approximately 11:30 p. m. on August 20, 1971, the prosecutrix, a sixteen year old girl, was returning to a friend's car located in a K-Mart shopping center parking lot in Fort Worth. Just as she climbed into the automobile, appellant abducted the prosecutrix at gunpoint and said, "No back talk and no screaming, or I'll kill you." Appellant then forced the prosecutrix to get down on the front floorboard of his automobile and held the pistol at her head as he drove away from the scene. While he was driving the car, he began rubbing the prosecutrix's legs and placed his hand inside her blouse.

The prosecutrix then asked the appellant if he was going to rape her, at which time the appellant replied that he wasn't going to rape her but was going to "love" her and she was to cooperate. When appellant stopped the car, he told the prosecutrix to take her clothes off. After she refused, appellant undressed the prosecutrix, fondled her and stated that he was going to have intercourse with her. The prosecutrix then begged appellant to release her because she was a sixteen year old virgin and was in her menstrual period at that time. After appellant himself confirmed that the prosecutrix was in her period, he forced her to perform oral sodomy upon him. She again pleaded with appellant, but he held her head down. The prosecutrix testified that she was in constant fear of her life and would not have otherwise complied with his demands.

Approximately one half hour after she was abducted, appellant returned the prosecutrix to the parking lot and let her out of the car. The prosecutrix then immediately ran to the area in front of the K-Mart store and reported the occurrence to the police who had already arrived.

The appellant called witnesses from the automobile sales lot where he was employed in an attempt to show that he was driving a different car on the day of the offense and that many employees had access to the demonstrator model used at the time of the offense. The appellant did not testify at the guilt or innocence phase of his trial.

█ Appellant argues that his denial to the prosecutrix that he was going to rape her but "love" her disproves the intent to commit rape. When taken in context, appellant's statements do not per se negate such intent but form a basis of the interrelated circumstances bearing on such issue. The appellant was in a position to have completed the act of rape. He told the prosecutrix he was going to have intercourse with her and abandoned his purpose only when he discovered she was in her menstrual period. The fact that there was no attempted penetration and rape is not determinative of intent as the offense is completed when there is an assault with intent to commit rape notwithstanding the subsequent abandonment of such intention. Kidwell v. State, 126 Tex.Cr.R. 253, 70 S.W.2d 724 (1934).

█ We conclude that the facts and the circumstances shown are sufficient to find that the appellant had the present intent to complete the offense. See and compare Jaffrion v. State, 501 S.W.2d 322 (Tex.Cr.App.1973); Willis v. State, 473 S.W.2d 200 (Tex.Cr.App.1971); Melton v. State, 442 S.W.2d 687 (Tex.Cr.App.1969); Friga v. State, 488 S.W.2d 430 (Tex.Cr.App.1973).

Appellant's third ground of error urges that the trial court erred in not charging on aggravated assault as requested by him.

█ Under the circumstances of this case, the issue of aggravated assault was not raised by the evidence.

As stated in 4 Branch's Ann.P.C., Sec. 1889, p. 219:

"If the case is either assault with intent to rape or that defendant is not guilty of any offense, it is not error to fail or refuse to charge on the issue of aggravated assault. Dorsey v. State, 1 [Tex.]App. 33; Long v. State, [Tex.Cr.App.] 46 S.W. 640; Ricks v. State, 48 [Tex.Cr.R.]Crim. 229 87 S.W. 345; Herbert v. State, 49 [Tex.Cr.R.]Crim. 72 90 S.W. 653; Fowler v. State, 66 [Tex.Cr.R.]Crim. 500, 148 S.W. 576; Hooper et al. v. State, 72 [Tex.Cr.R.]Crim. 82, 160 S.W. 1187; Rettig v. State, 90 [Tex.Cr.R.]Crim. 142, 233 S.W. 839."

See also Torres v. State, 493 S.W.2d 874 (Tex.Cr.App.1973).

█ Still further, merely because a lesser offense is included within the proof of a greater offense, a charge on the lesser is not required unless there is testimony raising such issue that the appellant, if guilty, is guilty only of the lesser offense. See Hale v. State, 164 Tex.Cr.R. 482, 300 S.W.2d 75 (1957); Daywood v. State, 157 Tex.Cr.R. 266, 248 S.W.2d 479 (1952).

Appellant's third ground of error is overruled.

Lastly, appellant contends that the trial court erred in refusing his requested charge in which he sought to have the jury instructed that mere desire or impulse on his part to satisfy his sexual cravings with the prosecutrix under the evidence did not constitute the offense of assault with intent to rape.

█ Appellant did not testify and there is no testimony of a mere desire or impulse by him to satisfy his sexual cravings with the prosecutrix. In the absence of any testimony authorizing the submission of the requested charge, there was no error in re-

fusing it. See Brown v. State, 171 Tex. Cr.R. 167, 346 S.W.2d 842 (1961).

Appellant's last ground of error is overruled.

The other grounds of error assigned by the appellant have been reviewed and we find them without merit. For the reasons stated, the judgment is affirmed.