**Joseph I. McCARDELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53627.**

Court of Criminal Appeals of Texas.

Oct. 19, 1977.

Appellant's Motion for Rehearing Denied Nov. 16, 1977.

**290**

Joseph S. Presnall, III, Galveston, court appointed, for appellant.

Ronald L. Wilson, Dist. Atty., and Michael J. Guarino, Asst. Dist. Atty., Galveston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

Joseph I. McCardell was convicted for burglary of a building. Punishment, enhanced under V.T.C.A., Penal Code, Section 12.42(d), was assessed at life. On appeal McCardell contends that the court should have charged on the defense of alibi and on a lesser included offense of criminal trespass; that V.T.C.A., Penal Code, Section 12.42, is unconstitutional; and that the "pen packets" of his prior convictions were improperly introduced. We overrule these contentions and affirm the conviction.

At about 11:15 p. m., August 21, 1975, police officers responded to a silent alarm from, and arrived within two or three minutes at, the Fact-O-Bake Paint and Body Shop in Galveston. They found that a large panel of the back door had been knocked out. Robert McCardell was found hiding on the floorboard of a car. Joseph McCardell, appellant, was on top of the spray room, about three and one-half feet below the roof of the building. He was covered with screening. The building had been locked by Rudy Aguilar, the owner, and no one was given permission to enter.

Herbert Lee Smith, called as a defense witness, testified that Joseph McCardell was at Herb's Ghetto Inn at about 11:00 o'clock on the night in question when Robert McCardell called Joseph. After they talked, Joseph said that he was going to get his brother.

Robert McCardell testified that he committed and had been convicted for, and that Joseph had nothing to do with, the present offense. He related that he called Joseph at Herb's Ghetto Inn and told him that he was working late at the paint and body shop for Rudy Aguilar. At Robert's request, Joseph came for him. When Joseph arrived, Robert let him in the front door. Joseph asked: "Where was Rudy at? I told him that Rudy had gone across the street to the La Rumba to get a sandwich and told me to close up the place. . . . ." At about this time the officers arrived and Robert said that he ". . . had broke in the place" and told Joseph "to hide because the laws was coming in." They both hid and were later discovered and arrested. The jury chose not to believe Robert's testimony.

■ The request for the charge on alibi was properly denied. All of the testimony shows that appellant was in the burglarized building while the burglary was in progress. The testimony of Herbert Smith that appellant was at the inn and received a call from Robert does not raise the issue of alibi.

■ Appellant contends that the court erred in refusing to charge on a lesser included offense of criminal trespass. He relies upon *Day v. State,* 532 S.W.2d 302 (Tex.Cr.App.1976), which held that in a burglary prosecution the defendant was entitled to such a charge after he had testified that he entered the building without the consent of the owner but for an innocent purpose. That case is not in point.

All of the defensive testimony shows that appellant committed no crime at all because he was told that Robert was working for the shop owner in the building and Robert invited appellant to enter. There was nothing according to Robert's testimony that put appellant on notice that he did not have the effective consent of the owner to enter. In short, the proof shows that appellant committed the offense of burglary. He was guilty or not guilty of that offense.

In *McBrayer v. State,* 504 S.W.2d 445 (Tex.Cr.App.1974), this Court held: ". . . a charge on the lesser [included offense] is not required unless there is testimony raising such issue that appellant, if guilty, is guilty only of the lesser offense." See 4 Branch's Ann.P.C.2d, Section 1889, page 219. And see *Torres v. State,* 493 S.W.2d 874 (Tex.Cr.App.1973).

There is no testimony in the present case that would make appellant guilty of only the crime of trespass. No error is shown.

■ Appellant contends that V.T.C.A., Penal Code, Section 12.42, providing for enhancement of penalty where one has been previously convicted, is unconstitutional. That section is substantially the same as Article 63 of the former penal code. The same contention has been raised and over-ruled many times before. See *Schultz v. State,* 510 S.W.2d 940 (Tex.Cr.App.1974), and *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). It is again overruled.

■ Lastly, appellant urges that the court erred in admitting into evidence prison records of prior convictions not alleged in the indictment for enhancement because they showed extraneous offenses. Article 37.07, V.A.C.C.P., provides that such prior convictions are admissible even though they are not alleged in the indictment. No evidence of extraneous offenses other than those shown by the prior convictions was admitted. No error is shown.

The judgment is affirmed.

ROBERTS, Judge, dissenting.

In affirming the appellant's conviction the majority overrules appellant's second ground of error and holds that the trial judge did not err by refusing to charge the jury on the lesser included offense. I believe that the majority's disposition of this contention is not only wrong, but illogical. I would reverse.

I.

What follows is the opinion originally prepared and submitted to this Court by the Honorable Howard P. Green, Commissioner for the Court. I adopt it as Part I of my dissent.

"In a trial before a jury appellant was convicted of burglary of a building. V.T.C.A. Penal Code, Sec. 30.02(a)(1). Punishment, enhanced under the provisions of V.T.C.A. Penal Code, Sec. 12.42(d), was assessed at life.

"Appellant in his second ground of error complains of the court's refusal to submit to the jury instructions on the issue of the lesser offense of criminal trespass, as timely requested in writing. See *Day v. State,* [Tex.Cr.App.], 532 S.W.2d 302.

"The State's evidence reflects that at about 11:15 p. m. on August 21, 1975, police officers, responding to a silent alarm, went to the Fact O Bake Paint and Body Shop in Galveston, arriving there within 2 or 3 minutes after the alarm sounded at the dispatcher's office. They found a large hole in the back door of the building, caused by a panel of the door having been knocked out. A search of the interior of the building revealed Robert McCardell hiding on the floorboard of a car and appellant covered with screening on the top of the spray room, about 3½ feet lower than the roof of the building. Rudy Aguilar, the manager of the paint and body shop in charge of and having custody, control and possession of the building and its contents, testified that the panel of the back door had been knocked out after he locked the door when he closed up the building about 5:00 that afternoon. The building, after it was closed for the day, was not open to the public, and neither of the McCardells had his effective consent to enter it on the night in question. Aguilar also testified there were six or seven cars in running condition and a large amount of valuable tools and other equipment in the building.

"Appellant did not testify. Defensive testimony was given by two witnesses substantially as follows:

"Herbert Lee Smith, proprietor of Herb's Ghetto Inn, Galveston, testified that at about 11:00 o'clock on the night in question appellant was in his bar when he received a telephone call from appellant's brother Robert McCardell. Smith had answered the phone, recognized Robert's voice, and called appellant to the phone. After talking a short while appellant left saying, as Smith remembered, he was going to get his brother.

"Robert McCardell, brother of appellant, testified substantially as follows: Prior to this trial, he had plead guilty to this burglary and received a twenty year sentence. He had previously been convicted of another burglary, for which he served time in the Texas Department of Corrections. Shortly before August 21, he went to the paint and body shop and asked its manager, Rudy Aguilar, for a job. He did not actually want a job there, but wanted 'to see if there was some things up in there I wanted, I knew I could make me some money for.' About 7:35 p. m. August 21 while across the street at a coffee shop, he called appellant at the Herb Ghetto Inn and told him he was working late for 'Rudy' and 'to come and pick me up and take me home.' He had earlier told appellant he was working there. He then went across the street to the paint and body shop and broke a hole in the back door. His intention was 'to take some of the items out of the place and stash them in the alley, then later on that night when Joe (appellant) took me home I was going to get my brother's car and come back and pick up the items early in the morning.' After entering the building he went to the front door and opened it. Appellant was there, and asked 'where was Rudy at? I told him that Rudy had gone across the street to the La Rumba to get a sandwich and told me to close up the place because he received a phone call.' Appellant entered the building, the police officers arrived, and the witness told appellant he 'had broke in the place' and 'to hide because the laws was coming in.' They both hid, and were later discovered by police and arrested.

"The witness testified further:

'Q  Did Joe McCardell, your brother sitting here, have anything to do with that burglary down there?

'A  No, sir.

'Q  Whose idea was it?

'A  It was my idea.

'Q  He had nothing to do with it?

'A  No, sir.

'Q  When he came there that evening did he know you were burglarizing that place?

'A  No.'

"The principle of law has been well established by the decisions of this Court that if the evidence adduced at the trial raises an issue of fact, and a charge on that issue is properly requested, such a charge must be given on the fact issue. *Day v. State* [Tex. Cr.App.], 532 S.W.2d 302; *Esparza v. State* [Tex.Cr.App.], 520 S.W.2d 891; *Stiles v. State* [Tex.Cr.App.], 520 S.W.2d 894.

"In *Day v. State,* supra, we held that the offense of criminal trespass, V.T.C.A. Penal Code, Sec. 30.05, is a lesser included offense of all of the three types of burglary defined in V.T.C.A. Penal Code, Sec. 30.02(a)(1), (a)(2) and (a)(3). See Art. 37.09, V.A.C.C.P. We there stated the elements of burglary as defined in Sec. 30.02(a)(1) are

'(1)  a person

'(2)  without the effective consent of the owner

'(3)  enters a habitation or building not then open to the public

'(4)  with the intent to commit a felony or theft.'

"We enumerated the elements of criminal trespass as defined in Section 30.05 of the Penal Code as

'(1)  a person

'(2)  without effective consent

'(3)  enters or remains on the property or in the building of another

'(4)  knowingly or intentionally or recklessly

'(5)  when he has notice that the entry was forbidden or received notice to depart but failed to do so.'

"In this case, the evidence is sufficient to show that appellant knowingly entered a building not open to the public and remained therein without the effective consent of anyone authorized to give such consent. He was found hiding in the building and his brother Robert testified that appellant remained in the building after being told that Robert 'had broke in the place' and 'to hide because the laws are coming in.' These facts also are sufficient to constitute notice that his entry was unlawful. See *Day v. State,* supra. As stated in *Day*:

'Therefore, the elements of criminal trespass, including "notice," could be established by proof of the same facts necessary to prove the offense of burglary. The proof of additional facts would not be necessary, and the requirements of Art. 37.09(1), V.A.C.C.P.[1] would be satisfied.'

"In the instant case, the evidence is sufficient to support the conviction for burglary of a building since there was evidence of each and all of the four above named elements of burglary. When a person is found in the house or building of another at night without the consent of the owner it is presumed that entry was for the purpose of committing theft. *Shelty [Shelby] v. State* [Tex.Cr.App.], 479 S.W.2d 31, at p. 41; *Anaya v. State* [Tex.Cr.App.], 500 S.W.2d 809. But such presumption is not conclusive, and although appellant did not testify, the defensive testimony of his witnesses, and particularly of Robert McCardell, raised a fact issue of appellant's entry with intent to commit theft. Hence, such testimony was sufficient to raise the issue of criminal trespass, which offense does not include the element of intent to commit theft. The failure of the court to grant appellant's request for instructions on the law of criminal trespass, timely filed and overruled by the court, constitutes reversible error. *Day v. State*, supra.[2]

"Accordingly, the judgment is reversed and the cause is remanded.

## II.

Although I agree with the reasoning and result of Judge Green's proposed opinion, I also believe that there is language in the majority opinion which is not only incorrectly interpreted but also incorrectly applied. I am referring to the following language taken from *McBrayer v. State*, 504 S.W.2d 445, 447 (Tex.Cr.App.1974):

"Still further, merely because a lesser offense is included within the proof of a greater offense, a charge on the lesser is not required unless there is testimony raising such issue that the appellant, if guilty, is guilty only of the lesser offense. See *Hale v. State,* 164 Tex.Cr.R. 482, 300 S.W.2d 75 (1957); *Daywood v. State,* 157 Tex.Cr.R. 266, 248 S.W.2d 479 (1952)."

I had always understood this language to mean that if *any* of the testimony—not just defensive testimony—shows that the appellant is guilty of the lesser included offense, then the trial judge must give a charge on that offense,[3] provided that the appellant does not present testimony which unequivocally negates the existence of the lesser included offense. See *Torres v. State*, 493 S.W.2d 874 (Tex.Cr.App.1973).

Interpreted in this manner, *McBrayer* fails to support the majority's disposition of the case. The majority fails to recognize that a defendant can raise *the existence of a lesser included offense as a defensive issue.* In such a case, the defensive issue is that the defendant is not guilty of the offense charged, but guilty of a lesser included offense. The fact that the defensive theory attempts to demonstrate guilt of a less serious offense, as opposed to a defense which attempts to negate guilt of any offense, should not affect whether a defensive charge is given. The only difference is that where a lesser included offense is raised as the defensive theory, the defensive charge will be in the form of a charge on the lesser included offense.

This view is amply supported by cases involving defensive charges in general. It is well settled that when any defensive theory is raised by the evidence the court must charge the jury on that defensive theory, regardless of "whether the evidence

1. "Art. 37.09(1), V.A.C.C.P., provides:
   'An offense is a lesser included offense if:
   '(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
   . . .'"

2. "This case was tried January 20, 1976 and the trial court's ruling on the requested charge was made prior to the publication in the Southwestern Advance Sheets of the opinion in *Day v. State*, supra."

3. See *Daywood v. State,* supra, cited in *McBrayer.*

is produced by the State or by the defense, whether it is strong or feeble, whether it is unimpeached or contradicted or whether it is conflicting." 31 Tex.Jur.2d, Instructions, Sec. 110, p. 660, quoted in *Gauthier v. State,* 496 S.W.2d 584, 585 (Tex.Cr.App.1973). This rule also applies when the evidence raises the issue of a lesser included offense. *Day v. State,* supra at 306.

However, where the defendant presents evidence which unequivocally negates the defensive theory, whether it be a defensive theory based on the negation of guilt or based on a lesser included offense, the charge need not be given. See *Stephens v. State,* 522 S.W.2d 924 (Tex.Cr.App.1975).

Since a lesser included offense can be a defensive theory, I believe that the language of the dissenting opinion on rehearing in *Bailey v. State,* 532 S.W.2d 316, 325 at 326–27 (Tex.Cr.App.1976), is applicable to the present case. That dissenting opinion relied in part on the following language from the early case of *Riojas v. State,* 8 Tex.App. 49, 50:

> "In view of all the evidence elicited on the trial, it is more than probable that this defence, [sic] even under a proper instruction, would have had no appreciable effect with the jury, and would have been discarded altogether by them in reaching their conclusion. But that was not a question for the determination of the court below, and cannot be with this court on appeal. The provinces of court and jury are plainly and rigidly defined by law, and it is not for the former to act upon a belief that the latter cannot be affected by *any particular portion of the evidence.*" (Emphasis added).

Thus, the rule is that in the absence of defensive testimony which absolutely negates the lesser included offense, the trial court must charge on the lesser included offense if "any particular portion of the evidence" shows that the appellant was only guilty of that offense. *Day v. State,* supra. This is what the language of *McBrayer* means—or should mean: that the charge must be given if any part of the

evidence shows that the accused was only guilty of the lesser offense, *even though* there is also strong evidence of his guilt of the greater offense.

The majority opinion states that "[t]here is no testimony in the present case that would make appellant guilty of only the crime of trespass." Ante, at 291. Thus, the majority is apparently construing *McBrayer* to mean that the evidence must *exclude* the possibility of the appellant's guilt of the greater offense before a defensive charge on the lesser offense is required. This has never been, nor should it become, the law.

Moreover, the majority misapplies the law to the facts of the case. I therefore feel compelled to emphasize the portion of Judge Green's proposed opinion which sets forth the testimony of Robert McCardell, the appellant's brother. He testified to facts which constituted a denial that the appellant had committed *burglary.* However, this testimony clearly showed that appellant had committed criminal trespass by remaining in the building without proper consent after having received notice that his entry was forbidden and that he should leave the premises. There is a total lack of defensive testimony which negated the lesser included offense of trespass.

### III.

In *Montemayor v. State,* 543 S.W.2d 93, 99 (Tex.Cr.App.1976) (Dissenting Opinion of Judge Douglas on State's Motion for Rehearing), the writer of the majority opinion stated that "[A] good rule of evidence works both ways." The State uniformly obtains indictments alleging the commission of a crime through different means in separate paragraphs.[4] In these cases, the trial court is required to instruct the jury to return a verdict as to each count submitted to them. In each instance, the trial judge must charge the jury with the law applicable to each count. Yet this Court has not forced the State to elect which paragraph

4. See Article 37.07(1)(c), Vernon's Ann.C.C.P. See cases cited at note 5, infra.

of a count they wish to proceed on.[5] Thus, the State may obtain an indictment including the greater and lesser included offenses or the same offense charging the commission of the offense through alternative means.[6]

The majority's holding that a charge on a lesser included offense is required only where the evidence shows that the defendant, if guilty, is guilty only of the lesser offense is tantamount to holding that an accused is entitled to a defensive charge only when the defendant, if innocent, is innocent only because of that particular defensive issue. This reasoning would eliminate a defendant's right to present alternative and inconsistent defenses and receive a defensive charge on each defense.

I cannot agree with the result the majority reaches. In my opinion, Judge Green's proposed majority reaches the proper result, and the majority's reliance on its interpretation of *McBrayer* is reliance upon bad law. Furthermore, I believe that the due process clause of the Fourteenth Amendment requires a trial judge to submit a defensive charge on every defensive theory raised by the evidence regardless of whether that defensive issue involves a "lesser included offense" or a "defensive issue." I would overrule or clarify *McBrayer v. State,* reverse the judgment, and remand the case for a new trial.

PHILLIPS, J., joins in this dissent.

5. See Article 21.24, Vernon's Ann.C.C.P.; *McCaleb v. State,* 537 S.W.2d 728 (Tex.Cr.App. 1976); *Steele v. State,* 523 S.W.2d 685 (Tex.Cr. App.1975); Section 3.02, V.T.C.A., Penal Code.

6. For example, assume the defendant ran over a person while he was exceeding the speed limit. Assume further that the person died. The State could allege a violation of Section 19.05(a)(1) [Involuntary Manslaughter] by alleging that the defendant recklessly caused the death of the deceased either through failing to maintain his brakes or by speeding. In such a case the trial judge would charge on both of the State's theories. Would the defendant be entitled to object on the basis that he could be guilty, if at all, only upon one theory? This Court has not previously so held. See cases cited at note 5, supra.