11th Court of Appeals
Eastland, Texas
Opinion
 
Juan Moreno
            Appellant
Vs.                  No. 11-03-00401-CR -- Appeal from Erath County
State of Texas
            Appellee
 
            The jury convicted Juan Moreno of burglary of a habitation and sentenced him to 60 years
confinement. The jury found that appellant used or exhibited a knife as a deadly weapon while
committing the offense. Appellant contends in his only point of error that the trial court erred by not
including the lesser included offenses of aggravated assault and kidnapping in the court’s charge. 
We affirm.
Submission of Lesser Included Offense
            One of the elements of burglary of a habitation is that the offender entered the habitation
without the effective consent of the owner. TEX. PEN. CODE ANN. § 30.02(a) (Vernon 2003). 
Burglary of a habitation is a felony of the first degree if the offender entered the habitation with the
intent to commit a felony other than felony theft. TEX. PEN. CODE ANN. § 30.02(d) (Vernon
2003). Appellant was indicted for the offense of burglary of a habitation with (1) intent to commit
kidnapping and (2) intent to commit aggravated assault. 
            Appellant argues that the lesser included charges of kidnapping and aggravated assault should
have been in the court’s charge for the jury’s consideration. Appellant claims that there was evi-dence that he entered the habitation with the owner’s consent. Therefore, the jury should have had
the option of finding him not guilty of burglary of a habitation but guilty of kidnapping or aggravated
assault. 
            A trial court must submit a jury instruction on a lesser included offense if (1) the lesser
included offense is included within the proof necessary to establish the offense charged and (2) there
is some evidence in the record “that would permit a jury rationally to find that if the defendant is
guilty, he is guilty only of the lesser included offense.” Lofton v. State, 45 S.W.3d 649, 651 (Tex.Cr.
App.2001); see also Wesbrook v. State, 29 S.W.3d 103, 113 (Tex.Cr.App.2000), cert. den’d, 532
U.S. 944 (2001); Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex.Cr.App.), cert. den’d, 510 U.S.
919 (1993); see TEX. CODE CRIM. PRO. ANN. art. 37.09 (Vernon 1981). Anything more than a
scintilla of evidence is sufficient to entitle a defendant to a charge on a lesser included offense. 
Bignall v. State, 887 S.W.2d 21, 23 (Tex.Cr.App.1994); see also Forest v. State, 989 S.W.2d 365
(Tex.Cr.App.1999); Jones v. State, 984 S.W.2d 254, 257 (Tex.Cr.App.1998).
            Under the second prong of the Rousseau test, the court must look for any evidence that tends
to show that, if the defendant is guilty, he is only guilty of the lesser offense. Evidence that the
defendant is not guilty of any offense does not raise the lesser included charge issue. “If a defendant
either presents evidence that he committed no offense or presents no evidence, and there is no
evidence otherwise showing he is guilty only of a lesser included offense, then a charge on a lesser
included offense is not required.” Bignall v. State, supra at 24 (Emphasis in original); Aguilar v.
State, 682 S.W.2d 556, 558 (Tex.Cr.App.1985). A charge on a lesser included offense is not
required unless the evidence raises that issue. Thomas v. State, 578 S.W.2d 691, 698 (Tex.Cr.App.
1979); McBrayer v. State, 504 S.W.2d 445 (Tex.Cr.App.1974); Torres v. State, 493 S.W.2d 874
(Tex.Cr.App.1973). If the evidence raises only the issue that the accused is guilty of the offense
charged or no offense at all, the issue of a lesser included offense is not raised. McBrayer v. State,
supra.
Evidence at Trial
            In determining whether the trial court erred in failing to give a charge on the lesser included
offenses, we review all of the evidence presented at trial. Havard v. State, 800 S.W.2d 195, 205
(Tex.Cr.App.1989); Lugo v. State, 667 S.W.2d 144, 147 (Tex.Cr.App.1984). A review of the
evidence presented at trial reflects that the victim was at Emory Harwell’s house on July 2, 2003,
when appellant entered the house and began yelling at the victim. Appellant hit the victim several
times, held a knife to her back, chased her around the house, and then physically picked her up and
carried her out of the house.
            At trial, Debra Sue Sparks testified that appellant was not invited in and did not knock before
he entered through a screen door latched by a piece of wire. She further testified that appellant “was
chasing [the victim] and that [appellant] hit [the victim] on the back of the head with a purse.”
Sparks testified: “Yeah, [he] hit her pretty hard.” When asked what happened next, Sparks testified
that appellant “picked [the victim] up and by her waist and carried her out and that was the last time
I seen [the victim].”
            Harwell, the owner of the house, testified that appellant was not invited inside the house.
Harwell testified that appellant “got a purse and he went to –huh– hitting her with it.” He further
testified that appellant “went in and picked [the victim] up, carried her on out the back.” 
            Johnnie Sue Maness testified that no one gave appellant permission to enter. She further
testified that, after Sparks left the room, appellant “was yelling at [the victim], and he hit her a few
times, he pulled a knife.” She testified that appellant hit [the victim] with his hand on her head and
then pulled out a knife. Appellant opened the blade on it and put his hand behind her back with the
blade open.
            Appellant cites, as his only evidence to support a charge on a lesser included offense, a
statement made by appellant to the police investigator that “they let me in.” Appellant asserts that
this negated one of the elements needed to commit the offense of burglary of a habitation because
it showed that his entry was not without the consent of the owner. Looking at the statement in its
entirety, however, it is clear that appellant was not only negating the intent element of burglary but
also negating all elements of the offense. During the interview of appellant by the investigator,
appellant stated: “I didn’t hit her,” “I never hit her – I loved her,” and “I would never hit her, sir...I
love that girl.” Throughout the interview, appellant’s statements were consistent with his claimed
innocence. Appellant stated that he had nothing to do with the assault on the victim and that he did
not kidnap her. He stated that the victim left with him of her own free will. Appellant admitted that
he had a knife but testified that he was using it to clean his fingernails. Appellant’s interview did
not raise the issue of effective consent to enter the habitation because appellant used the interview
to maintain that he was not guilty of any offense.
            We find that the trial court did not err in refusing to instruct the jury on the lesser included
offenses of kidnapping and aggravated assault. Nothing in the evidence presented indicates that, if
appellant is guilty, he is guilty only of a lesser included offense. Therefore, the trial court did not
err in failing to include a charge on lesser included offenses. We overrule appellant’s only point of
error.
This Court’s Ruling
            The judgment of the trial court is affirmed.
 
                                                                                                TERRY McCALL
                                                                                                JUSTICE
 
December 9, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.