

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-483-CR

ARTURO SILVA, JR.                                                          APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant Arturo Silva, Jr. appeals his conviction for aggravated assault. He contends in two issues that his trial counsel was ineffective for failing to present expert mitigation testimony during the punishment phase of his trial and

---

[1] *See* Tex. R. App. P. 47.4.

that he suffered egregious harm from the trial court's submission of an improper verdict form. We affirm.

## II. Factual and Procedural Background

Appellant first met Rocio Olivares when Appellant and his family attended the Denton, Texas church where Pedro and Zaida Beltran served as pastors. Appellant and Rocio spent time together during church activities, and although Appellant was under age seventeen and Rocio was in her mid-twenties at the time, their relationship eventually became sexual. Rocio ended the relationship in 2007, however, after she moved to Corpus Christi. She moved back to Denton in December 2007 and moved in with Pedro and Zaida, but she took steps to ensure Appellant could not contact her. Despite her efforts, Appellant located Rocio, started calling her repeatedly, and threatened in early March 2008 to hurt anyone who was around her and involved in their break-up.

On March 30, 2008, Appellant drove to Pedro and Zaida's trailer with an acquaintance. With a gun in hand, Appellant walked toward the entrance, but Pedro blocked his entrance into the trailer. Zaida joined Pedro at the trailer entrance, and they pleaded with Appellant to leave. Appellant insisted he wanted to see Rocio and fired a shot into the air before shooting Pedro in the leg. A struggle ensued between Appellant, Pedro, and Zaida. Pedro sustained gunshot wounds to his leg, chest, and arm; Zaida suffered gunshot wounds to

2

her face, neck, and arm. After Appellant had fled the scene with his acquaintance, Pedro and Zaida were careflighted to Dallas.

Appellant was initially indicted for two counts of aggravated assault but was subsequently indicted for the single offense of attempted capital murder.[2] Appellant was charged with attempting to murder both Pedro and Zaida in one criminal transaction. He pleaded not guilty and was tried in December 2008. At trial, the State, seeking to convict Appellant for attempted capital murder, argued Appellant went to Pedro and Zaida's trailer with the specific intent to kill them. Appellant's trial counsel countered that the March 30, 2008 struggle was an unfortunate incident that escalated out of control, that Appellant was guilty of committing aggravated assault against Pedro and Zaida, but that Appellant did not go to their trailer with the intent to kill them. In the jury charge, the trial court submitted attempted capital murder and the lesser-included offense of aggravated assault. A jury found Appellant guilty of aggravated assault against Pedro and Zaida and assessed Appellant's punishment at twenty years' confinement. This appeal followed.

---

[2]... *See* Tex. Penal Code Ann. §§ 15.01 (defining criminal attempt), 19.03(a)(7)(A) (defining capital murder to include the murder of multiple persons during the same criminal transaction) (Vernon 2003).

III. Ineffective Assistance of Counsel

In his first issue, Appellant contends his trial counsel was ineffective for failing to obtain expert mitigation testimony. Appellant contends that a mitigation expert would have interviewed Appellant and his friends, family, and acquaintances and created a sociological history and that this evidence would have mitigated against the maximum twenty-year sentence he received.

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). There is no requirement that we approach the two-pronged inquiry of *Strickland* in any particular order or even address both components of the inquiry if the defendant makes an insufficient showing on one component. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. "In the majority of cases, the record on direct appeal is

4

undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63).

Here, Silva raises his ineffective assistance claim on direct appeal, without having filed a motion for new trial to develop his position and without any evidence concerning any particular basis for mitigation that trial counsel should have raised but did not. For example, Appellant contends a mitigation expert would have interviewed his friends, family, and acquaintances, but Appellant has not identified the friends, family members, and acquaintances he claims the expert would have interviewed or shown what those interviews would have revealed. Appellant has also not presented evidence concerning the reason his trial counsel did not request a mitigation expert.

The facts here are thus analogous to our decision in *Chavarri v. State*, in which we held,

> [T]here is no evidence in the record demonstrating why trial counsel did not hire a mitigation specialist, there is no evidence in the record illuminating the extent of trial counsel's investigation into Chavarri's background and life circumstances for possible mitigating evidence, nor is there any evidence in the record that mitigating evidence existed to be discovered by a mitigation specialist. The silent record is thus not sufficiently developed to allow us to do more than speculate as to why trial counsel did not hire a mitigation specialist. . . .
>
> Because Chavarri's allegation of ineffectiveness is not firmly founded in the record, he has not overcome the strong presumption

that trial counsel's conduct fell within the wide range of reasonable representation.

Nos. 02-08-00099-CR, 02-08-00100-CR, 2009 WL 885954, at *2 (Tex. App.—Fort Worth Apr. 2, 2009, no pet.) (mem. op., not designated for publication) (footnote and citations omitted); *see also Perry v. State*, No. 02-09-00128-CR, 2009 WL 4547114, at *4–5 (Tex. App.—Fort Worth Dec. 3, 2009, no pet.) (mem. op., not designated for publication) (relying on *Chavarri* to hold the appellant failed to show his trial counsel's assistance was ineffective); *Grijalva v. State*, No. 02-08-00018-CR, 2008 WL 4602252, at *1 (Tex. App.—Fort Worth Oct. 16, 2008, no pet.) (mem. op., not designated for publication) (holding similarly and explaining there was no "evidence in the record indicating that any such mitigation evidence existed to be discovered by a mitigation specialist had appellant obtained one").

Because the record is undeveloped and Silva has not proven or even contended there is any particular mitigating evidence that existed and would have been introduced at trial had his trial counsel retained a mitigation expert, we hold Silva has not sustained his burden to show that trial counsel was ineffective. We overrule Appellant's first issue.

## IV. Error in Verdict Form

In his second issue, Appellant argues an improper verdict form caused him egregious harm. Specifically, Appellant contends that the verdict form lacked separate findings for each of the two counts of aggravated assault and that the lack of separate findings "mandated" that the jury find him guilty of both counts as opposed to each count independently.

Appellant did not object to the verdict form in the trial court.[3] If there is error in the court's charge but the appellant did not preserve it at trial, we must decide whether the error was so egregious and created such harm that appellant did not have a fair and impartial trial—in short, that "egregious harm" has occurred. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see* Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006); *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008); *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). Egregious harm is the type and level of harm that affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Allen*, 253 S.W.3d at 264

---

[3] The State argues Appellant waived his verdict form complaint because he did not object to the verdict form at trial. However, because a verdict form, if provided to the jury by the trial court, "becomes a part of the jury charge," we will review the verdict form under *Almanza*. *Jennings v. State*, 302 S.W.3d 306, 310 (Tex. Crim. App. 2010).

& n.15; *Olivas v. State*, 202 S.W.3d 137, 144, 149 (Tex. Crim. App. 2006); *Almanza,* 686 S.W.2d at 172.

In making an egregious harm determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171; *see generally Hutch*, 922 S.W.2d at 172–74. The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. *Almanza*, 686 S.W.2d at 174. Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis. *Ellison v. State*, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); *Hutch*, 922 S.W.2d at 171.

In this case, the court's charge included, as lesser-included offenses to attempted capital murder, two counts of aggravated assault, but the verdict form the trial court provided to the jury did not list the two lesser-included aggravated assault counts separately. Assuming without deciding that this was error, we hold the error, if any, did not egregiously harm Appellant. The application paragraphs in the court's charge correctly set forth each of the two aggravated assault paragraphs separately. Further, although the parties hotly contested whether Appellant went to the Beltrans' home with the intent to kill

8

them, there was no dispute that Appellant's conduct constituted, at a minimum, aggravated assault against both Pedro and Zaida. Indeed, the State argued to the jury that Appellant was guilty of attempted capital murder, not aggravated assault, and Appellant's counsel argued that Appellant was guilty of committing aggravated assault against both Pedro and Zaida but was not guilty of attempted capital murder.

Moreover, neither counsel commented on the specific language of the verdict form, and the State's only references to the verdict form were to mention the existence of a lesser-included charge within the jury's options on the verdict form and to argue to the jury that "there is a lesser-included charge in here . . . it's something to consider but it's not something that you have to do, okay, just because it's in there." Finally, the alleged error in the verdict form arguably benefitted Appellant because it required the jury to find Appellant guilty of aggravated assault against both Pedro and Zaida before it could find Appellant guilty of aggravated assault against only one of them. *See Torres v. State*, 493 S.W.2d 874, 875 (Tex. Crim. App. 1973) (holding the appellant could not complain of a charge that was more favorable to his rights than he requested); *Bolanos v. State*, No. 08-01-00192-CR, 2002 WL 31320253, at *6 (Tex. App.—El Paso Oct. 17, 2002, no pet.) (not designated for publication) (holding charge error not harmful because it benefitted defendant by requiring

9

jury to find defendant committed offense in both indicted manners).  We therefore hold that the error in the verdict form, if any, did not cause Appellant egregious harm.  We overrule Appellant's second issue.

## V.  Conclusion

Having overruled each of Appellant's two issues, we affirm the judgment of the trial court.

ANNE GARDNER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DAUPHINOT, J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 25, 2010.