COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.
 2-08-483-CR

 

 

ARTURO SILVA, JR.                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








Appellant
Arturo Silva, Jr. appeals his conviction for aggravated assault. He contends in
two issues that his trial counsel was ineffective for failing to present expert
mitigation testimony during the punishment phase of his trial and that he
suffered egregious harm from the trial court=s
submission of an improper verdict form. 
We affirm.  

II. 
Factual and Procedural Background

Appellant
first met Rocio Olivares when Appellant and his family attended the Denton,
Texas church where Pedro and Zaida Beltran served as pastors. Appellant and
Rocio spent time together during church activities, and although Appellant was
under age seventeen and Rocio was in her mid-twenties at the time, their
relationship eventually became sexual. 
Rocio ended the relationship in 2007, however, after she moved to Corpus
Christi.  She moved back to Denton in
December 2007 and moved in with Pedro and Zaida, but she took steps to ensure
Appellant could not contact her.  Despite
her efforts, Appellant located Rocio, started calling her repeatedly, and
threatened in early March 2008 to hurt anyone who was around her and involved
in their break-up.  








On March
30, 2008, Appellant drove to Pedro and Zaida=s
trailer with an acquaintance.  With a gun
in hand, Appellant walked toward the entrance, but Pedro blocked his entrance
into the trailer.  Zaida joined Pedro at
the trailer entrance, and they pleaded with Appellant to leave.  Appellant insisted he wanted to see Rocio and
fired a shot into the air before shooting Pedro in the leg.  A struggle ensued between Appellant, Pedro,
and Zaida.  Pedro sustained gunshot
wounds to his leg, chest, and arm; Zaida suffered gunshot wounds to her face,
neck, and arm.  After Appellant had fled
the scene with his acquaintance, Pedro and Zaida were careflighted to Dallas. 

Appellant
was initially indicted for two counts of aggravated assault but was subsequently
indicted for the single offense of attempted capital murder.[2]
Appellant was charged with attempting to murder both Pedro and Zaida in one
criminal transaction.  He pleaded not
guilty and was tried in December 2008. At trial, the State, seeking to convict
Appellant for attempted capital murder, argued Appellant went to Pedro and
Zaida=s
trailer with the specific intent to kill them. 
Appellant=s trial counsel countered that
the March 30, 2008 struggle was an unfortunate incident that escalated out of
control, that Appellant was guilty of committing aggravated assault against
Pedro and Zaida, but that Appellant did not go to their trailer with the intent
to kill them.  In the jury charge, the
trial court submitted attempted capital murder and the lesser-included offense
of aggravated assault.  A jury found
Appellant guilty of aggravated assault against Pedro and Zaida and assessed
Appellant=s punishment at twenty years=
confinement.  This appeal followed.

 








III. 
Ineffective Assistance of Counsel

In his
first issue, Appellant contends his trial counsel was ineffective for failing
to obtain expert mitigation testimony. 
Appellant contends that a mitigation expert would have interviewed
Appellant and his friends, family, and acquaintances and created a sociological
history and that this evidence would have mitigated against the maximum
twenty-year sentence he received. 








To
establish ineffective assistance of counsel, appellant must show by a
preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim.
App. 1999).  There is no requirement that
we approach the two-pronged inquiry of Strickland in any particular
order or even address both components of the inquiry if the defendant makes an
insufficient showing on one component.  Strickland,
466 U.S. at 697, 104 S. Ct. at 2069.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  

Here,
Silva raises his ineffective assistance claim on direct appeal, without having
filed a motion for new trial to develop his position and without any evidence
concerning any particular basis for mitigation that trial counsel should have
raised but did not.  For example,
Appellant contends a mitigation expert would have interviewed his friends,
family, and acquaintances, but Appellant has not identified the friends, family
members, and acquaintances he claims the expert would have interviewed or shown
what those interviews would have revealed. 
Appellant has also not presented evidence concerning the reason his trial
counsel did not request a mitigation expert. 


The
facts here are thus analogous to our decision in Chavarri v. State, in
which we held,

[T]here is no evidence in the record demonstrating why trial counsel
did not hire a mitigation specialist, there is no evidence in the record
illuminating the extent of trial counsel=s investigation into Chavarri=s background and life
circumstances for possible mitigating evidence, nor is there any evidence in
the record that mitigating evidence existed to be discovered by a mitigation
specialist. The silent record is thus not sufficiently developed to allow us to
do more than speculate as to why trial counsel did not hire a mitigation specialist.
. . .

 








Because Chavarri=s allegation of
ineffectiveness is not firmly founded in the record, he has not overcome the
strong presumption that trial counsel=s conduct fell within the wide range of
reasonable representation.

 

Nos. 02‑08‑00099‑CR,
02‑08‑00100‑CR, 2009 WL 885954, at *2 (Tex. App.CFort
Worth Apr. 2, 2009, no pet.) (mem. op., not designated for publication)
(footnote and citations omitted); see also Perry v. State, No.
02-09-00128-CR, 2009 WL 4547114, at *4B5 (Tex.
App.CFort
Worth Dec. 3, 2009, no pet.) (mem. op., not designated for publication)
(relying on Chavarri to hold the appellant failed to show his trial
counsel=s
assistance was ineffective); Grijalva v. State, No. 02‑08‑00018‑CR,
2008 WL 4602252, at *1 (Tex. App.CFort
Worth Oct. 16, 2008, no pet.) (mem. op., not designated for publication)
(holding similarly and explaining there was no Aevidence
in the record indicating that any such mitigation evidence existed to be
discovered by a mitigation specialist had appellant obtained one@).

Because
the record is undeveloped and Silva has not proven or even contended there is
any particular mitigating evidence that existed and would have been introduced
at trial had his trial counsel retained a mitigation expert, we hold Silva has
not sustained his burden to show that trial counsel was ineffective.  We overrule Appellant=s first
issue.

 

 








IV.  Error
in Verdict Form

In his
second issue, Appellant argues an improper verdict form caused him egregious
harm.  Specifically, Appellant contends
that the verdict form lacked separate findings for each of the two counts of
aggravated assault and that the lack of separate findings Amandated@ that
the jury find him guilty of both counts as opposed to each count independently.









Appellant
did not object to the verdict form in the trial court.[3]  If there is error in the court=s charge
but the appellant did not preserve it at trial, we must decide whether the
error was so egregious and created such harm that appellant did not have a fair
and impartial trialCin short, that Aegregious
harm@ has
occurred.  Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh=g);
see Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006); Allen v. State,
253 S.W.3d 260, 264 (Tex. Crim. App. 2008); Hutch v. State, 922 S.W.2d
166, 171 (Tex. Crim. App. 1996). 
Egregious harm is the type and level of harm that affects the very basis
of the case, deprives the defendant of a valuable right, or vitally affects a defensive
theory.  Allen, 253 S.W.3d at 264
& n.15; Olivas v. State, 202 S.W.3d 137, 144, 149 (Tex. Crim. App.
2006); Almanza, 686 S.W.2d at 172.

In
making an egregious harm determination, Athe
actual degree of harm must be assayed in light of the entire jury charge, the
state of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel and any other relevant information revealed
by the record of the trial as a whole.@  Almanza, 686 S.W.2d at 171; see
generally Hutch, 922 S.W.2d at 172B74.  The purpose of this review is to illuminate
the actual, not just theoretical, harm to the accused.  Almanza, 686 S.W.2d at 174.  Egregious harm is a difficult standard to
prove and must be determined on a case-by-case basis.  Ellison v. State, 86 S.W.3d 226, 227
(Tex. Crim. App. 2002); Hutch, 922 S.W.2d at 171. 








In this
case, the court=s charge included, as
lesser-included offenses to attempted capital murder, two counts of aggravated
assault, but the verdict form the trial court provided to the jury did not list
the two lesser-included aggravated assault counts separately.  Assuming without deciding that this was
error, we hold the error, if any, did not egregiously harm Appellant.  The application paragraphs in the court=s charge
correctly set forth each of the two aggravated assault paragraphs
separately.  Further, although the
parties hotly contested whether Appellant went to the Beltrans= home
with the intent to kill them, there was no dispute that Appellant=s
conduct constituted, at a minimum, aggravated assault against both Pedro and
Zaida.  Indeed, the State argued to the
jury that Appellant was guilty of attempted capital murder, not aggravated
assault, and Appellant=s counsel argued that Appellant
was guilty of committing aggravated assault against both Pedro and Zaida but
was not guilty of attempted capital murder.  









Moreover,
neither counsel commented on the specific language of the verdict form, and the
State=s only
references to the verdict form were to mention the existence of a
lesser-included charge within the jury=s
options on the verdict form and to argue to the jury that Athere is
a lesser-included charge in here . . . it=s
something to consider but it=s not
something that you have to do, okay, just because it=s in
there.@  Finally, the alleged error in the verdict
form arguably benefitted Appellant because it required the jury to find
Appellant guilty of aggravated assault against both Pedro and Zaida before it
could find Appellant guilty of aggravated assault against only one of
them.  See Torres v. State,
493 S.W.2d 874, 875 (Tex. Crim. App. 1973) (holding the appellant could not
complain of a charge that was more favorable to his rights than he requested); Bolanos
v. State, No. 08-01-00192-CR, 2002 WL 31320253, at *6 (Tex. App.CEl Paso
Oct. 17, 2002, no pet.) (not designated for publication) (holding charge error
not harmful because it benefitted defendant by requiring jury to find defendant
committed offense in both indicted manners). 
We therefore hold that the error in the verdict form, if any, did not
cause Appellant egregious harm.  We
overrule Appellant=s second issue.

V. 
Conclusion

Having
overruled each of Appellant=s two
issues, we affirm the judgment of the trial court.

 

 

ANNE GARDNER

JUSTICE

 

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

 

DAUPHINOT, J. concurs without opinion.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 25, 2010.











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. '' 15.01 (defining
criminal attempt), 19.03(a)(7)(A) (defining capital murder to include the
murder of multiple persons during the same criminal transaction) (Vernon 2003).





[3]The State argues
Appellant waived his verdict form complaint because he did not object to the
verdict form at trial.  However, because
a verdict form, if provided to the jury by the trial court, Abecomes a part of the jury
charge,@ we will review the
verdict form under Almanza.  Jennings
v. State, 302 S.W.3d 306, 310 (Tex. Crim. App. 2010).